29940.   ÆTNA CASUALTY & SURETY COMPANY · et · al. v.
NUCKOLLS.

Decided July 10, 1943.

*Bussey, Fulcher & Hardin,* for plaintiffs in error.

*W. D. Lanier, E. E. Carter, Henry Savage Jr.,* contra.

MacIntyre, J. ■ The Code, § 114-710, provides for an appeal from an award of the Department of Industrial Relations, and that "in the event such appeal is filed as hereinbefore provided, the department shall, within 30 days from the filing of the same, cause certified copies of all documents and papers then on file in their office in the matter, and a transcript of all testimony taken therein, to be transmitted with their findings and order or decree to the clerk of the superior court to which the case is appealable."

In the present case the secretary of the Industrial Board certified that the appeal was filed within the time provided by law, but the record shows that the papers transmitted by him did not arrive in the office of the clerk of the superior court until one day after the 30 days had expired. The appellee moved to dismiss the appeal on the ground that the papers had not been transmitted in the time provided in the Code, § 114-710, and cited as authority, *Leak* v. *McDowell,* 6 *Ga.* 264; *Duke* v. *Trippe,* 6 *Ga.* 317, 319; *Arnold* v. *Wells,* 6 *Ga.* 380. He also stated in his brief that he thought the

*Duke* case, supra, was the strongest of the three. The *Duke* case appears in volume 6 of the Georgia Reports, which was published in 1849. The act of transmitting papers from the Industrial Board to the superior court on appeal under the Code, § 114-710, does not stand on the same footing as certifying and sending up the record and bill of exceptions as was required at the time the *Duke* case was decided, for at that time the constitution of the State required cases to be disposed of, and finally decided at the first term. Prince's Digest of the Laws of Georgia 1837, p. 909. And Ga. L. 1845, p. 21, provided: "It shall. be the duty of the clerk of the superior court below to certify and send up to the Supreme Court a complete transcript of the entire record of the cause below, duly certified under his hand and seal of office, and also the bill of exceptions, within ten days after he shall have received the original notice, with the return of service thereon." And rule 31 of the Supreme Court, passed in order to effectuate the above provision of the constitution and statutes, provided, "no cause (except such as are provided for in the sixth section of the act creating this court) shall be considered as properly brought up, so as to authorize this court to hear and determine the same unless the clerk shall certify and send a complete transcript of the entire record below, together with the bill of exceptions, within ten days after the filing of the original notice of the bill of exceptions, with the return of service thereon." In the *Duke* case, supra, one of the reasons that the court dismissed the writ of error was: "Because the clerk of the court below did not certify and send up to the supreme court, a transcript of the record and the bill of exceptions, within the time prescribed by law and by the 31st rule of the court."

It seems to us the ruling of the court, there was based largely on the fact that such a construction of the rule and statute above stated was necessary in order to prevent the law from being repugnant to the Constitution, and that a different construction could not be enforced without delaying the trial of causes beyond the first term, which would have been against the provision of the Constitution providing that such trials should be had at the first term.

We think that the Code, § 114-710, as to the time of the transmission, is directory to the Department of Industrial Relations, and that as the record does not show the appellant or his attorneys were in any way connected with the delay, so as to prevent the

board from transmitting the appeal, they should not be allowed to suffer for failure of the board to transmit the papers within the 30 day period, and that the court should not make the appellants or their counsel suffer. *Ford* v. *Redfearn,* 145 *Ga.* 498, 502 (89 S. E. 611).

, If it be said that the appellants should have sought a writ of mandamus, yet the papers having arrived on the 31st day instead of the 30th day, this was as soon as the most rapid writ of mandamus could have run its course. *Robison* v. *Medlock,* 59 *Ga.* 598; *Pearce* v. *Renfroe Brothers,* 68 *Ga.* 194, 195; *Bower* v. *Patterson,* 116 *Ga.* 814, 816 (43 S. E. 25).

Thus we do not think that an appeal should be dismissed under the circumstances above stated, and so hold.

■ Our court has held that the question as to the weight and credit to be given to the opinion testimony of a physician is a matter to be determined by the Industrial Board. They may deal with such testimony as they see fit, giving credence to it or not. *Thompson* v. *City of Atlanta,* 66 *Ga. App.* 255, 257 (17 S. E. 2d, 761); *Ocean Accident & Guarantee Corp.* v. *Lane,* 64 *Ga. App.* 149 (12 S. E. 2d, 413).

Thus, while it appears that the testimony of the physicians was conflicting, we fully recognize the rule "that if, from the same proof, there are two or more plausible explanations or theories of causation as to how an event happened, or what produced it, and if the evidence is without selective application to any one of them, they remain conjectures only, and a finding of fact based on conjectures merely, can not be upheld. On the other hand, if there is evidence which points to any one theory of causation indicating a logical sequence of cause and effect, then there is a juridical basis for a determination as to how the event happened, and a jury would be authorized to select this theory notwithstanding the existence of other plausible theories with or without support in the evidence." *Southern Grocery Stores Inc.* v. *Greer,* 68 *Ga. App.* 583, 590 (23 S. E. 2d, 484). The latter phase of this rule, we think, is applicable to the evidence in this case and authorized the finding by the Industrial Board that the injury to the finger of the claimant's deceased husband was the proximate cause of his death, and that the award of the Industrial Board is supported by the evidence.

We therefore hold that the judgment of the lower court upholding the award allowing compensation is authorized by the evidence.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*