A89A2353. NELSON et al. v. FELTON PEARSON COMPANY, INC. et al.
(392 SE2d 274)

COOPER, Judge.

We granted appellant's application for discretionary appeal from the superior court's reversal of an award of the full board of workers' compensation. The sole enumeration of error is whether the award should have been affirmed by operation of law pursuant to OCGA § 34-9-105 (b) (prior to 1989 amendments).

OCGA § 34-9-105 (b) provides that upon appeal by either party of a final award of the board, the board shall transmit the record to the clerk of the appropriate superior court within 30 days. The statute further provides that: "The case so appealed may then be brought by either party upon ten days' written notice to the other before the

superior court for a hearing upon such record, subject to an assignment of the case for hearing by the court; provided, however, if the court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court." .

The record shows that although appellee's notice of appeal from the award of the full board was filed on December 7, 1988, the clerk of the Superior Court of Fulton County did not receive the record from the board until 38 days later on January 13, 1989. Shortly thereafter appellee's attorney contacted the calendar clerk to schedule a hearing and on January 27, 1989, received notice that a hearing had been scheduled for February 28, 1989. Because the last day on which a hearing could be scheduled within the 60-day time period mandated by OCGA § 34-9-105 (b) was February 6, 1989, appellee's attorney, on January 27, 1989, contacted the calendar clerk, had the hearing rescheduled for February 3, 1989, and hand-delivered a notice of the hearing for February 3, 1989 to appellant's attorney. On February 3, 1989, appellant's attorney objected to the hearing on the ground that he had not received the statutorily-required ten-day written notice, and further argued that because of the insufficient notice the full board's award had been affirmed by operation of law. The trial court continued the hearing to February 10, 1989, and on that day after hearing argument, reversed the award of the board.

Appellant argues that because the February 3 hearing was improperly scheduled due to appellee's failure to give ten days' written notice, there could be no valid continuance of the hearing. We agree. We recognize, in accepting appellant's argument, that neither party is at fault, and that by adhering to the strict language of the statute there may be situations where the superior court could never schedule a timely hearing (such as where the Board does not transmit the record until more than 50 days after the notice of appeal has been filed). However, we find this alternative better than holding, as appellee argues, that as long as a hearing is originally scheduled within the 60-day period, regardless of the lack of statutorily-required notice to the other party, the hearing can be continued to meet the requirements of the statute. Accordingly, we find that the full board's award was affirmed by operation of law because of the failure of the superior court to hear the case within 60 days of the filing of the notice of appeal.

*Judgment reversed and order vacated. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 5, 1990 —
REHEARING DENIED MARCH 26, 1990 —

Savell & Williams, John M. Williams, Richard G. Farnsworth, for appellants.

Bovis, Kyle & Burch, D. Scott McPherson, Steven J. Kyle, Terry L. Yewell, Christina A. Craddock, Charles M. McDaniel, Jr., for appellees.