## A90A0461. SYNTHETIC INDUSTRIES et al. v. CAMP.
### (396 SE2d 518)

POPE, Judge.

In this workers' compensation case, the employer and insurer seek to appeal a decision of the superior court that reversed the decision of the full board and remanded the case to the board for a medical evaluation of the claimant by a named physician and a determination by the board on the requested change of physician. Claimant's notice of appeal to the superior court was filed with the board on March 28, 1989. The case was not transmitted to the court by the full board at that time "due to more litigation." The superior court did not enter any order until September 19, 1989. The order does not state the date on which the case was heard.

The proper procedure for transmitting a record to the superior court is set forth in OCGA § 34-9-105 (b). The board is required to transmit certified copies of all documents and papers in its files, along with any transcripts of the testimony taken and the board's findings of fact and decision, within thirty days after the filing of the notice of appeal. "The case so appealed may then be brought by either party upon ten days' written notice to the other before the superior court for a hearing upon such record." Id. OCGA § 34-9-105 (b) requires affirmance of the board's decision by operation of law if the court does not hear the case within sixty days from the date the appeal is filed. Here, almost six months elapsed before the record was transmitted to the superior court and, in a letter to the court which is a part of the appellate record, the board attributed the delay to more litigation in the case which caused the file to be "sent back and forth to the Dalton office."

A notice of hearing for May 2 was prepared by the claimant, but it was not filed in the superior court until September 25, along with the rest of the case papers. The record contains no indication that the superior court heard the case on May 2 or at any time within the sixty-day statutory limit. See OCGA § 34-9-105 (b). The order recites that the court reviewed the file, but the case papers were not filed until September 25, six days after the order was entered.

Regardless of whose fault it was or what caused the delay, the court lost jurisdiction of the case in May, sixty days after March 28. See OCGA § 34-9-105 (b); *Nelson v. Felton Pearson Co.,* 195 Ga. App. 92 (392 SE2d 274) (1990). The statutory scheme imposes a burden on the appellant to assure that the time limitations are met. The superior court having lost jurisdiction by operation of law, its order was a nullity and cannot serve as a basis for appeal to this court.

This case points up the inequity created by the Legislature's enactment of the present version of OCGA § 34-9-105 (b). The problem with the statute as written is that while the requirement that the rec-

ord be sent by the board to superior court is directory, as was held in *Aetna Cas. &c. Co. v. Nuckolls*, 69 Ga. App. 649 (1) (26 SE2d 473) (1943), the requirement that a hearing be held by the superior court within sixty days of the filing of notice of appeal is jurisdictional. If a timely hearing is not held, the decision of the board is affirmed by operation of law. The language of the statute is clear and this court is without power to avoid the ill-effect created by the statute as written. The Legislature should rewrite the statute to remove the inequity.

In the interim, practitioners would do well to hasten immediately from the filing of the notice of appeal to superior court to set a date for hearing within the next sixty days. If at the time of the scheduled hearing the record is not present, the superior court judge may continue the hearing to a date certain, as provided in § 34-9-105 (b) and then order the board to provide the record before that date. In this manner, counsel for the appellant will avoid the loss of jurisdiction over the appeal by the superior court.

However, it is clear in the present case that the appeal from the full board to the superior court was not timely heard so that by operation of law the decision of the full board was affirmed and the order of the superior court was a nullity. Therefore, the appeal is dismissed.

*Appeal dismissed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Beasley, J., concurs in judgment only. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

I must respectfully dissent, as I do not believe that the court below lost jurisdiction of the case when the record was not transmitted within the statutorily required period. The statutory provision that the board is required to transmit all documents and papers on file is directory. *Aetna Cas. &c. Co. v. Nuckolls*, 69 Ga. App. 649 (26 SE2d 473) (1943). Where neither appellant nor his attorney is in any way connected with the delay in transmittal, so as to prevent the board from transmitting the record, the court should not make appellant or his counsel suffer on account of the delay. Id. at 652.

OCGA § 34-9-105 (b) requires affirmance of the board's decision by operation of law if the court does not hear the case within 60 days from the date the appeal is filed. Here, almost six months elapsed before the record was transmitted to the superior court and, in a letter to the court which is a part of the appellate record, the board attributed the delay to more litigation in the case which caused the file to be "sent back and forth to the Dalton office."

The case should therefore be remanded to determine if the delay in transmitting the record was attributable to the appellant or his counsel before considering the appeal based upon the record. See *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990).

DECIDED JULY 5, 1990 —
REHEARING DENIED JULY 31, 1990 — CERT. APPLIED FOR.

*Savell & Williams, Benjamin H. Terry, Jennifer H. Chapin,* for appellants.

*Robert A. Wharton, Jr.,* for appellee.