S90G0963. FELTON PEARSON COMPANY, INC. et al. v. NELSON et al.

(397 SE2d 431)

HUNT, Justice.

This court granted certiorari in *Nelson v. Felton Pearson Co.,* 195 Ga. App. 92 (392 SE2d 274) (1990), to review the Court of Appeals' construction of OCGA § 34-9-105 (b), setting out the procedure for appealing a decision of the workers' compensation Full Board to the superior court. OCGA § 34-9-105 (b) provides in material part:

> . . . In the event of an appeal, the board shall, within 30 days of the filing of the notice of appeal with the board, transmit certified copies of all documents and papers in its file together with a transcript of the testimony taken and its findings of fact and decision to the clerk of the superior court. . . . The case so appealed may then be brought by either party *upon ten days' written notice to the other* before the superior court for a hearing upon such record, subject to an assignment of the case for hearing by the court; provided, however, *if the court does not hear the case within 60 days*

---

*from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court.* In the event a hearing is held later than 60 days after the date the notice of appeal is filed with the board because same has been continued to a date certain by order of the court, the decision of the board shall be considered affirmed by operation of law if no order of the court disposing of the issues on appeal has been entered within 20 days after the date of the continued hearing. . . . [Emphasis supplied.]

Petitioner, Felton Pearson Co., appealed an award in favor of employee Nelson's widow and minor child to the superior court. Because of a delay in the filing of the record in the superior court by the workers' compensation board,[1] a hearing in the superior court was set for February 28, 1989, which was beyond the 60-day limit. Because of that, the company's attorney asked the court's calendar clerk to reschedule the hearing and it was rescheduled for February 3, 1989, the 59th day after the filing of the transcript. Notice of this rescheduling was hand delivered by the company's attorney to the widow's attorney. Upon objection by the widow's attorney that the ten-days' notice provision would be violated by setting the hearing for February 3, the trial court reset it for February 10, 1989, to provide for the requisite notice.

After the hearing, the trial court reversed the ruling of the Full Board and found in favor of the company. On appeal, the widow contended, and the Court of Appeals held, that the hearing date of February 3, 1989, was set in violation of the ten-day notice provision, was thereby invalid, and could not be validly continued. Thus, the Court of Appeals concluded that the Full Board's award to the employee's family must be affirmed by operation of law as mandated by OCGA § 34-9-105 (b).

OCGA § 34-9-105 (b) is designed to expedite the disposition of workers' compensation claims that have been appealed to the courts

---

[1] The statute requires the Board to transmit the record to the superior court within 30 days of the filing of the notice of appeal. Failure to do that precipitated the problems in this case and we observe, as did the Court of Appeals,

". . . by adhering to the strict language of the statute there may be situations where the superior court could never schedule a timely hearing (such as where the Board does not transmit the record until more than 50 days after the notice of appeal has been filed)."

*Nelson v. Felton Pearson Co.*, supra at p. 93.

of this state. To hold, however, that the trial court did not have the discretion to continue the hearing, which was set within the 60-day period prescribed by the statute, in order to allow ten-days' notice as also required by the statute, exalts the need for speedy disposition over fair treatment of the parties and the policy of reaching the merits of a controversy. Given the 20-day limit upon action by the trial court also set out in this Code section, the policy promoting speedy resolution of workers' compensation cases is not violated by allowing the trial court to continue the hearing to a date certain outside the 60 days in order to allow the parties ten-days' notice. The Court of Appeals erred in holding otherwise.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 7, 1990.

*Bovis, Kyle & Burch, Charles M. McDaniel, Jr.,* for appellants.
*Savell & Williams, John M. Williams,* for appellees.