## A90A2102. CORONET CARPETS v. REYNOLDS.
### (405 SE2d 103)

POPE, Judge.

This appeal was brought by the employer from an order of the superior court affirming the award of attorney fees to the employee-claimant's attorney by the State Board of Workers' Compensation. The appeal to the superior court was filed March 8, 1990. The order affirming the award of the Board was entered May 30, 1990. It recites that a hearing on the appeal was held April 16, 1990. In addition to finding that the award is supported by the record, the superior court order also finds that the award of the Board must be affirmed by operation of law because no order dispositive of the matter was filed within 20 days of the date of the hearing.

Because the superior court order was not entered within 20 days from the date of the hearing on the appeal, we are constrained by the express terms of OCGA § 34-9-105 (b) to hold that the "order was a nullity and cannot serve as a basis for appeal to this court." *Synthetic Indus. v. Camp,* 196 Ga. App. 637 (396 SE2d 518) (1990). Pursuant to said statute, if, as here, a workers' compensation case on appeal to the superior court is heard within 60 days from the date the notice of appeal is filed but no order disposing of the matter is entered within 20 days of the date of the hearing, "the decision of the board shall be affirmed by operation of law." The award of attorney fees by the board became final as a matter of law after 20 days from the date of the hearing. Because the application for appeal to this court was filed more than 30 days from the date the award became final, the appeal is untimely and must be dismissed.

This case points up a different aspect of "the inequity created by the Legislature's enactment of the present version of OCGA § 34-9-105 (b)" in addition to that illustrated in the *Synthetic Indus.* case. Id. In an apparent effort to require the superior courts to act promptly on appeals from awards of the State Board of Workers' Compensation, the Legislature, in OCGA § 34-9-105 (b), promulgated strict time requirements for hearing and ruling upon such appeals. While it is not within the power of an appellant to comply with these

time requirements, it is the appellant who is penalized by a failure of the superior court to meet the requirements. As we noted earlier in the *Synthetic Indus.* opinion, "[t]he statutory scheme imposes a burden on the appellant to assure that time limitations are met." Id. Even if the appellant is diligent, however, in moving for a hearing date to meet the 60-day requirement imposed by statute for hearing an appeal, the appellant is powerless to force a superior court judge to issue an order within the 20-day requirement imposed for the disposition of the appeal once it has been heard. Nevertheless, "[t]he language of the statute is clear and this court is without power to avoid the ill-effect created by the statute as written." Id. at 638.

*Appeal dismissed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 28, 1991 — 

*McCamy, Phillips, Tuggle, Rollins & Fordham, James T. Fordham*, for appellant.
*William G. Boyd,* for appellee.

