## A90A2240. LANIER v. JIM BROWN DEVELOPMENT CORPORATION et al.
### (404 SE2d 626)

Cooper, Judge.

Appellant worked as a painter/subcontractor for over 25 years, during which time he was exposed to toxic paint solvents. In June 1988, appellant was forced to stop working and was hospitalized due to a lung disease. Appellant filed a claim for workers' compensation benefits against appellee, but the claim was dismissed by the Administrative Law Judge on the ground that the evidence conclusively established that appellee was not the last employer for whom appellant worked so as to be exposed to the hazards of his disease as required under OCGA § 34-9-284. The full board affirmed the ALJ's decision and on appeal to the superior court, the full board's decision was affirmed by operation of law pursuant to OCGA § 34-9-105 (b). This appeal results from this court's grant of appellant's application for discretionary appeal from the superior court's order.

1. Appellant contends in his first enumeration of error that the trial court erred in not applying the "any evidence" standard of review and in his second and third enumerations of error, he contends that the trial court erred in affirming the decision of the full board and in failing to remand the case to the board. OCGA § 34-9-105 (b) sets forth the procedure for appealing a decision of the full board to the superior court. The statute provides: "The case so appealed may then be brought by either party . . . before the superior court for a hearing upon such record . . . provided, however, if the court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law. . . ." The record reflects that appellant filed his appeal to the superior court with the board on May 2, 1989; that the superior court received a certified copy of the record from the workers' compensation board on May 22, 1989; that the case was scheduled for a hearing to be held on September 29, 1989. However, prior to the hearing it became obvious that since the hearing would not occur within 60 days as required by OCGA § 34-9-105 (b), the full board's decision would be affirmed by operation of law. Therefore, appellant applied for and was granted this discretionary appeal. It appearing from the record that the appeal from the full board to the superior court was not timely heard in accordance with OCGA § 34-9-105 (b), the decision of the full board was affirmed by operation of law and the trial court had no jurisdiction to review the merits of the case or remand the case to the board. *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990).

2. A case affirmed by operation of law pursuant to OCGA § 34-9-105 (b) can be appealed. See OCGA § 34-9-105 (d). Appellant's appeal

was timely filed; therefore we will review the merits of his case under the "any evidence" standard.

OCGA § 34-9-284 provides: "Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease . . . shall alone be liable therefor, without right of contribution from any prior employer. . . ." Appellant testified that he worked for appellee for approximately a year and a half prior to the time he stopped working; that during the last seven or eight months before he stopped working, appellee did not have any work for him to do and due to this shortage of work, he painted two houses for two different contractors; and that the last house he painted before he was hospitalized was for one of those two contractors. It appearing that there was some evidence to support the board's conclusion that appellee was not the last employer for whom appellant worked so as to be exposed to the hazards of his disease, we cannot reverse the board's decision. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (1) (224 SE2d 65) (1976).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 8, 1991 —
REHEARING DISMISSED MARCH 25, 1991.

*Marcus, Moskowitz & Associates, David H. Moskowitz*, for appellant.

*Savell & Williams, Mark S. Gannon, Robert E. Mulholland*, for appellees.