A91A0522. MILLER v. MERCK & COMPANY.
(405 SE2d 761)

BIRDSONG, Presiding Judge.

Pursuant to a grant of authority for a discretionary appeal under OCGA § 5-6-35 (a) (1), James R. Miller appeals from the judgment of the superior court affirming in part and reversing in part the order of the State Board of Workers' Compensation. Although Miller has enumerated three errors, only one requires our consideration.

Miller asserts that the superior court's judgment is a nullity because it was not issued within 20 days of the hearing as required by OCGA § 34-9-105 (b). The record shows that on August 16, 1990, the superior court issued the following order: "On June 6, 1990, the employer/self-insurer, Merck & Company, filed a workers' compensation appeal. Said appeal came on for hearing on July 27, 1990. After hearing arguments from both parties, the court took said matter under consideration.

"The decision of the full board of May 25, 1990, was partially based on an erroneous theory of law as to the finding of change in condition and award of benefits. Therefore, said award is reversed in part and affirmed in part.

"A more complete order will be issued by the court for the record."

Thereafter, on September 14, 1990, the superior trial court issued an order affirming the decision of the full board on the issue of dissimilar concurrent employment, but reversing as clearly erroneous and contrary to law the full board's decision reversing a particular finding of the administrative law judge.

Miller contends the superior court's procedure violated OCGA § 34-9-105 (b) because the order of August 16, 1990, while timely, was not dispositive of the appeal, and the order of September 14, 1990 while dispositive of the appeal was untimely. *Held*:

OCGA § 34-9-105 (b) provides, inter alia, that "[i]f a case is heard within 60 days from the date the notice of appeal is filed, the decision of the board shall be considered affirmed by operation of law if no order of the court *dispositive of the issues on appeal* has been entered within 20 days of the date of the hearing." (Emphasis sup-

plied.) Therefore the central issue in this appeal is whether the order issued on August 16, 1990, was dispositive of the issues within the meaning of the Code section. We find that it was not.

The superior court's order of August 16, 1990, merely announced the court's intention to issue an order in the future which would be dispositive of the issues. Although providing the award was reversed in part and affirmed in part, the order did not state the parts of the award affirmed or reversed, the prevailing party, or the disposition of the appeal. Moreover, the order specifically provided that a more complete order would issue in the future.

In considering this issue we note that generally a superior court's final orders either affirm, reverse, or remand rulings appealed to it (see *Employers Mut. Liab. Ins. Co. v. Videtto*, 124 Ga. App. 458, 462 (184 SE2d 210)); this order did none of these things. Further, the order of August 16, 1990, was not an appealable order because there were issues pending resolution in the superior court. See *Stallings v. Chance*, 239 Ga. 567, 568 (238 SE2d 327); *Lawler v. Ga. Mut. Ins. Co.*, 156 Ga. App. 265, 266 (276 SE2d 646).

Thus, the order of August 16, 1990, was not dispositive of the issues in the case and, in accordance with the terms of OCGA § 34-9-105 (b), the decision of the full board was affirmed by operation of law. Accordingly, the superior court was without jurisdiction to issue its order of September 14, 1990, and consequently the order was a nullity. *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518).

Therefore, the superior court is directed to withdraw its order of September 14, 1990, and issue an order stating that the decision of the full board was affirmed by operation of law.

*Judgment reversed with direction. Pope and Cooper, JJ., concur.*

DECIDED MAY 20, 1991.

*Robert B. Phillips*, for appellant.
*Gorby, Reeves, Moraitakis & Whiteman, Harold W. Whiteman, Jr., Andrew Nelson*, for appellee.