A92A1230. DIXIE RECYCLING SYSTEMS, INC. v. BARNES
et al.
A92A1231. DIRECTOR OF THE ENVIRONMENTAL
PROTECTION DIVISION OF THE DEPARTMENT OF
NATURAL RESOURCES v. BARNES et al.
(425 SE2d 297)

BIRDSONG, Presiding Judge.

We granted discretionary appeal to determine whether the trial court was without jurisdiction under OCGA § 12-2-1 (c) to hear an administrative appeal regarding a solid waste handling permit granted by the Environmental Protection Division of the Department of Natural Resources (appellant in Case No. A92A1231) to Dixie Recycling, Inc. (appellant in Case No. A92A1230). The trial court found it had jurisdiction of the appeal for judicial review and upon an extensive review of the evidence, rendered comprehensive findings of fact and conclusions of law. The trial court's ruling is partially in favor of appellees, who are 31 citizens of Hancock County. *Held*:

OCGA § 12-2-1 (c) provides: "[W]hen a petition for judicial review of a final decision of the Board of Natural Resources [is filed], if the superior court . . . does not hear the case within ninety days from the date the petition for review is filed . . . the final decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 90 days has been continued to a date certain by order of the court. In the event a hearing is held later . . . because a hearing originally scheduled to be heard within the 90 days has been continued to a date certain by order of the court, the final decision of the board shall be considered affirmed by operation of law if no order of the court . . . has been entered within 30 days after the date of the continued hearing."

Unless this administrative statute is complied with, the superior court has no jurisdiction to review the administrative decision. See *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518). The record shows that after filing the petition for judicial review on July 5, 1991, three times within the ninety days, appellees scheduled the matter to be heard. On each scheduled date, appellees' attorney appeared at the courthouse at the appointed time although the hearings had been continued.

A hearing was not held within the 90 days because appellants kept postponing it. Within the 90 days, the judge rescheduled the hearing for October 18, 1991, "a date certain." OCGA § 12-2-1 (c). The hearing was held that day.

On November 16, 1991, the court's ruling was filed. It found: "During this October 18, 1991 hearing neither [the EPD's attorney] nor the attorneys for [Dixie] said or did anything which indicated that it was their position that this court was, pursuant to OCGA § 12-

2-1 (c), without jurisdiction to hear this action, or that the ruling of the ALJ has been affirmed by operation of law."

In *Felton Pearson Co. v. Nelson*, 260 Ga. 513, 514 (397 SE2d 431), the Supreme Court said the workers' compensation statute requiring judicial review to take place within a certain time "is designed to expedite the disposition of [administrative] claims that have been appealed to the courts of this state. To hold, however, that the trial court did not have the discretion to continue the hearing . . . exalts the need for speedy disposition over fair treatment of the parties and the policy of reaching the merits of a controversy."

Appellants contend that no review hearing was requested and no continuance was granted; but the trial court has found that hearings were requested and the trial judge stated in his order that he rescheduled, that is, "continued" the hearing. The hearing was properly continued outside the 90-day period to a "date certain," and the court's order of judicial review was issued within 30 days of that hearing.

Since judicial review was timely provided and a decision was timely rendered, it ill behooves appellants to suggest appellees had not properly asked for judicial review but had asked for something else. To say the trial court was without jurisdiction to review the case would penalize appellees for appellants' last-minute requests for rescheduling; this would not be "fair treatment of the parties." Id. at 515.

Moreover, appellants' conduct in proceeding with the hearing on October 18, 1991, without raising an issue as to the trial court's jurisdiction, operated as an agreement that the hearing was timely and properly held, and constituted a waiver of any possible claim to the contrary.

As to grounds urged for reversal, appellants have not borne their burden to show harmful error on appeal and we do not presume the trial court committed error where that fact does not affirmatively appear in the record. See *Green v. Sun Trust Banks*, 197 Ga. App. 804, 807 (399 SE2d 712). The trial judge's order is supported by evidence and is not clearly erroneous; we are therefore bound to affirm it under OCGA § 50-13-19 (h). See *Hicks v. Harden*, 133 Ga. App. 789 (213 SE2d 49).

*Judgments affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 19, 1992 —
RECONSIDERATION DENIED NOVEMBER 19, 1992

*Groover & Childs, Denmark Groover, Jr., Lovett & Hicks, L. Robert Lovett,* for appellant (case no. A92A1230).

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior*

*Assistant Attorney General, Brenda H. Cole, Assistant Attorney General*, for appellant (case no. A92A1231).
   *H. Christopher Coates*, for appellees.