A93A1900. BORDEN, INC. et al. v. HOLLAND.
(442 SE2d 916)

COOPER, Judge.
We granted this discretionary appeal to determine whether the superior court erred in reversing the full board's denial of benefits to claimant. At issue is the jurisdiction of the superior court to enter the order and the applicability of the one-year statute of limitation.

Claimant worked for Borden, Inc. as a milk delivery driver from 1969 through August 1990. On January 9, 1990, claimant injured his

back while lifting a crate of milk. Claimant called his branch manager, Jimmy Bruce, and told him that his back was hurting. Mr. Bruce met claimant along his route and helped him finish his route and assisted claimant for the rest of the week. The following week claimant went to his doctor who advised that he was unable to work due to a low back injury. Claimant remained off work for approximately two months, during which time he applied for payment under appellant's salary continuation plan. As part of his application, claimant submitted a physician's statement which indicated that his injury was work related. When claimant submitted the form, Mr. Bruce told him that he could not receive workers' compensation and his salary, and claimant changed the physician's statement to indicate that his injury was not work related. When claimant returned to work, another employee assisted him on his route for approximately two weeks, after which time claimant resumed his regular duties without assistance. Claimant continued to experience pain in his back, and although he discussed the possibility of a lighter duty job with Mr. Bruce, no such job was ever offered to claimant. Claimant continued working until August 18, 1990 at which time he resigned because of the pain in his back.

On August 5, 1991, claimant filed a claim for workers' compensation benefits. A hearing was held, and the administrative law judge ruled that claimant was entitled to workers' compensation benefits. The full board reversed the award, finding that the claim was barred by the one-year statute of limitation. On December 8, 1992, claimant filed a notice of appeal to the Superior Court of Ware County with the full board. The case was scheduled for a hearing on February 23, 1993. However, both parties agreed to waive oral argument and submit the case on briefs. In an order dated February 10, 1993, the superior court reversed the full board.

1. Appellants first argue that the full board's award was affirmed by operation of law when the superior court did not issue an order within 60 days of the filing of the notice of appeal. OCGA § 34-9-105 (b) provides, in relevant part, as follows: "The case so appealed may then be brought by either party upon ten days' written notice to the other before the superior court for a hearing upon such record . . . provided, however, if the court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court. In the event a hearing is held later than 60 days after the date the notice of appeal is filed with the board because same has been continued to a date certain . . . the decision of the board shall be considered affirmed by operation of law if no order . . . has been entered within 20 days after

the date of the continued hearing. If a case is heard within 60 days from the date the notice of appeal is filed, the decision of the board shall be considered affirmed by operation of law if no order . . . has been entered within 20 days of the date of the hearing." It is undisputed that no hearing was scheduled within the 60-day time period allowed under the statute and that the superior court's order was entered on February 10, 1993, sixty-four days after the filing of the notice of appeal. However, claimant argues that the superior court had until February 26, 1993, twenty days after the expiration of the 60-day period, to enter an order. We disagree. The statute does not cover the exact situation presented by this case where the parties waive the hearing. However, we have consistently held that where a hearing is not held or rescheduled in accordance with OCGA § 34-9-105 (b), the superior court loses jurisdiction of the case 60 days after the notice of appeal is filed with the board. See, e.g., *Lanier v. Jim Brown Dev. Corp.*, 199 Ga. App. 255 (1) (404 SE2d 626) (1991); *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990). The purpose of OCGA § 34-9-105 (b) is "to expedite the disposition of workers' compensation claims that have been appealed to the courts of this state." *Felton Pearson Co. v. Nelson*, 260 Ga. 513, 514 (397 SE2d 431) (1990). With this purpose in mind, we decline to carve out an exception which gives the superior court more than the statutory 60 days to rule on a claim when the parties waive the hearing. Consequently, we conclude that since no hearing was held or order entered within 60 days after the notice of appeal was filed, the superior court lost jurisdiction of the case by operation of law and its order was a nullity. *Synthetic Indus.*, supra at 637; see also *Miller v. Merck & Co.*, 199 Ga. App. 722, 723 (405 SE2d 761) (1991).

Therefore, we reverse the judgment of the superior court and direct the court to vacate its order. See *Miller*, supra.

2. Since the trial court's order was a nullity, it cannot serve as a basis for appeal to this court. See *Synthetic Indus.*, supra. Therefore, we cannot address appellants' remaining enumerations of error.

*Judgment reversed with direction. Beasley, P. J., concurs specially. Smith, J., concurs in judgment only.*

BEASLEY, Presiding Judge, concurring specially.

I concur fully in Division 1 but not in Division 2. The posture of the appeal, and a consideration of who the appellants are vis-à-vis the proceedings below, render the remaining errors moot.

The appellants, employer Borden and its insurer, appealed from the order of the superior court, which was sitting as a court of last resort as a matter of right. *Southeastern Aluminum Recycling v. Rayburn*, 251 Ga. 365, 366 (306 SE2d 240) (1983). Their primary enumeration of error is that the court lacked jurisdiction to enter the

order because, under OCGA § 34-9-105 (b), the time had expired for it to act. The majority agrees, and so do I.

That ends our review of that order; it was void ab initio. As noted in *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990), it cannot serve as a basis for appeal to this court.[1] The exception to that is an instance such as this one, where the jurisdiction of the court to enter it is the issue appealed from; it is the only way to raise that question. See *Nelson v. Felton Pearson Co.*, 195 Ga. App. 92 (392 SE2d 274) (1990), rev'd on another ground, 260 Ga. 513 (397 SE2d 431) (1990). Of course, the challenge to jurisdiction must be timely, which it was. Application was made under OCGA § 5-6-35 (d) within 30 days of the order's entry.[2]

Having decided that the court's order was a nullity, the only decision which might be subject to further review is that of the board, derivatively, as the law has declared it to be "affirmed." Appellants are not challenging that decision, for good reason; it is in their favor. None of their enumerations complain that the board erred in any way, nor would they. Appellants' enumerations only challenge the superior court's order. The remaining enumerations, relating to the merits of the court's rulings, are moot because the court's order was a nullity. They would only be reviewable if we concluded that the court's order was *not* a nullity.

This court has held that "[a] case affirmed by operation of law pursuant to OCGA § 34-9-105 (b) *can* be appealed." (Emphasis supplied.) *Lanier v. Jim Brown Dev. Corp.*, 199 Ga. App. 255 (2) (404 SE2d 626) (1991). In that case, such an appeal was taken by the party against whom the board ruled, after that party's application to this court was granted, and the court reviewed the merits.

In this case, however, the claimant, against whom the board ruled, did not apply to this court for review. He could have done so within 30 days after the board's award became affirmed by operation of law. See *Travelers Ins. Co. v. Adkins*, 200 Ga. App. 278 (407 SE2d 775) (1991); *Atlanta Family Restaurants v. Perry*, 209 Ga. App. 581 (434 SE2d 140) (1993). He chose instead to rely on the void order of the superior court.

Thus, issues with respect to the board's award may not be reached. We only granted permission to appeal from the order of the superior court, which was the only request made, and the notice of appeal filed by appellants Borden and its insurer covers only the su-

---

[1] This writer concurred in the judgment only, in *Synthetic Indus.*, because of the nature of the suggested legislative remedy. This writer should have taken the same course in *Coronet Carpets v. Reynolds*, 199 Ga. App. 383, 384 (405 SE2d 103) (1991).

[2] The application was also within the period for appeal of the "affirmed" board decision. OCGA §§ 34-9-105 (d) and 5-6-35 (d).

perior court's order.

Although this court dismissed the appeal in *Synthetic Indus.*, supra at 638, the proper course is to reverse and vacate the order of the superior court for lack of jurisdiction. *Nelson*, supra. Thus, I concur in Division 1 and in the judgment. That leaves the statutorily "affirmed" decision of the board extant.

Although the statute's predecessor was in effect in *AT&T Technologies v. Barrett*, 195 Ga. App. 675 (395 SE2d 22) (1990), the procedural posture of the parties and the applicability of the principle are the same. The only difference is that the superior court is no longer directed to affirm the board's decision; it is accomplished by the law itself.

DECIDED APRIL 1, 1994.

*Murphy & Sibley, R. Napier Murphy*, for appellants.
*William R. Little*, for appellee.

