A97A2532. TRUCKSTOPS OF AMERICA, INC. et al. v. ENGRAM.
(494 SE2d 709)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal to determine whether the workers' compensation award in question was void as it resulted from a superior court order entered after the court lost jurisdiction over the matter. This appeal concerns whether an amendment to a statute can affect a workers' compensation award which was affirmed by operation almost a year before the effective date of the amendment.

Pinkie Engram was employed as a waitress by Truckstops of America, Inc., until she was fired in February 1994 for allegedly stealing money. During her employment, Engram had received workers' compensation benefits for work-related knee injuries, and after her termination she sought recommencement of total disability benefits based upon a change in condition. The ALJ initially awarded her benefits, but the Appellate Division reversed the award for total disability benefits on the grounds that Engram had not satisfied her burden of proof, and awarded her only temporary partial disability benefits.

The superior court found that the Appellate Division had impermissibly conducted a de novo review instead of merely determining whether the award was supported by a preponderance of the competent and credible evidence, and reinstated the ALJ's award. On appeal, this Court agreed that the Appellate Division applied the incorrect standard of review but found that the superior court should have remanded the matter to the Appellate Division with instructions to apply the proper standard. *Truckstops of America v. Engram,* 220 Ga. App. 289 (469 SE2d 425) (1996).

Pursuant to that remand, on May 14, 1996, the Appellate Division again denied Engram's claim for additional compensation, on the ground that she had not met her burden of proving a change in condition as set forth in *Maloney v. Gordon County Farms,* 265 Ga. 825 (462 SE2d 606) (1995). Engram timely filed a notice of appeal from that denial on June 3, 1996, and the superior court, which did not hold a hearing in the matter until August 16, 1996, issued a deci-

sion on September 5, 1996, again reversing the Appellate Division and reinstating the ALJ's award. (Truckstops never sought discretionary appeal allegedly because it was not notified of the superior court's decision until after the time for seeking appeal had expired.)

On January 28, 1997, the Appellate Division entered a decision adopting the ALJ's award as required by the superior court's order. Truckstops then appealed that award, but on April 29, 1997, the superior court upheld the determination. The superior court also denied Truckstops's motion to dismiss the earlier appeal which asserted that the Appellate Division's decision of May 14, 1996, was affirmed by operation of law because of the superior court's failure to hear the matter within the prescribed time period. *Held*:

At the time of the appeal of the Appellate Division's decision on May 14, 1996, OCGA § 34-9-105 (b) provided that "if the court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court." In this case, it is undisputed that the superior court did not hold or set a hearing within 60 days after the notice of appeal was filed from the Appellate Division's decision of May 14, 1996. Nevertheless, the superior court rejected Truckstops's contention that the Appellate Division's decision of May 14, 1996, was affirmed by operation of law, because the failure to hold a hearing within the required time was caused by the court's busy schedule and not the claimant.

However, "[r]egardless of whose fault it was or what caused the delay, the court lost jurisdiction of the case" 60 days after the notice of appeal was filed from the board's decision of May 14, 1996. *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990). "The statutory scheme imposes a burden on the appellant to assure that the time limitations are met. The superior court having lost jurisdiction by operation of law, its [subsequent] order was a nullity. . . ." Id.

Although OCGA § 34-9-105 (b) was amended effective July 1, 1997, to give the superior court 60 days *from the date the appeal is docketed* in which to schedule a hearing, that amended statute may not be retroactively applied to this case. As noted by the dissent, statutes generally prescribe for the future unless a contrary intention is shown, but statutes that affect only procedures of the court are given retroactive effect absent an express contrary intention. *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988). However, even " '[s]tatutes relating to procedure or legal remedies are undoubtedly within the general rule against retrospective construction where the effect of giving them a retroactive operation will be to . . . disturb vested

rights.' " *Seaboard Air-Line R. Co. v. Benton*, 175 Ga. 491, 499 (165 SE 593) (1932). If retroactive application of a procedural statute " 'would divest any right of property that had already accrued, it should be construed to operate prospectively only. . . .' " Id.

"To be vested, in its accurate legal sense, a right must be complete and consummated, and one of which the person to whom it belongs cannot be divested without his consent. A divestible right is never, in a strict sense, a vested right. It has also been said that the term vested rights, which cannot be interfered with by retrospective laws, means interests which it is proper for the state to recognize and protect and of which the individual cannot be deprived arbitrarily without justice." (Citations and punctuation omitted.) *Goldrush II v. City of Marietta*, 267 Ga. 683, 694 (482 SE2d 347) (1997).

In the instant case, the Appellate Division's award of May 14, 1996, became affirmed by operation of law on August 2, 1996 (60 days after the notice of appeal was filed), and became unappealable on September 3, 1996, when the time for filing a discretionary application expired. There should be no prohibition to applying the amended OCGA § 34-9-105 (b) to any case that was in the process of being appealed to or was pending before the superior court on the effective date of the amendment, *but the amended statute may not be retroactively applied to divest the employer of an award that had become final almost a year before the effective date of the statute.*

As the Appellate Division's award of May 14, 1996, was affirmed by operation of law under OCGA § 34-9-105 (b), and as no timely appeal of the affirmance was sought, that award remains in full force and effect. All subsequent orders of the superior court, and the Appellate Division's award entered on January 28, 1997, are nullities. Accordingly, the superior court's judgment of April 29, 1997, is reversed, and this matter is remanded to the superior court with direction to issue an order confirming the Appellate Division's decision of May 14, 1996.

*Judgment reversed and remanded. Andrews, C. J., Pope, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

I must respectfully dissent.

Truckstops of America, Inc., the employer, contends that the Superior Court of Glynn County's order of September 5, 1996 was void, because the superior court lost subject matter jurisdiction by operation of law 60 days after the Appellate Division's order became final on May 14, 1996, which date for the automatic affirmance by operation of law would be July 13, 1996. Specifically, the employer attacks the validity of the September 5, 1996 order of the superior court, which remanded the claim back to the Appellate Division; it

attacks the superior court's order of April 29, 1997, which affirmed the new award of the Appellate Division, following the remand order of September 5, 1996, because such subsequent order was the indirect product of the earlier order, which it contends was void ab initio. The employer never appealed the September 5, 1996 order, because it asserted that it did not receive notice of the order within the time to seek a discretionary appeal and waited until it had a final order from which to seek discretionary appeal.

Workers' compensation procedures and administration are executive branch functions under the separation of powers doctrine. Ga. Const. 1983, Art. I, Sec. II, Par. III. Whatever subject matter jurisdiction that a superior court or appellate court has must be granted by the General Assembly. Under OCGA § 34-9-105 (b), the superior court has a 60-day window of opportunity to rule on an appeal unless the claim is set for hearing and then continued within the statutory guidelines; the court loses subject matter jurisdiction to rule on the case outside such time period. *Synthetic Indus. v. Camp*, 196 Ga. App. 637 (396 SE2d 518) (1990); see also *Borden, Inc. v. Holland*, 212 Ga. App. 820, 822 (1) (442 SE2d 916) (1994).

The purpose of OCGA § 34-9-105 (b) was to remedy a problem in the superior courts where some trial judges had allowed the appeals in workers' compensation cases to languish for long periods of time; therefore, the General Assembly forced the expedited appellate review by placing a time limit on the previously unlimited period of subject matter jurisdiction in the superior courts. The Supreme Court held that the purpose of the act was "to expedite the disposition of worker's compensation claims that had been appealed to the courts of this state," which was a remedial purpose. *Felton Pearson Co. v. Nelson*, 260 Ga. 513, 514 (397 SE2d 431) (1990).

Georgia Laws 1997, p. 1367, § 4, amended the act as described in the caption as a purpose of this amendment: "to provide for the holding of a hearing by the superior court within 60 days of the date of the docketing in such court." OCGA § 34-9-105 (b) now reads in pertinent part: "however, if the court does not hear the case within 60 days of the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law. . . ." Such amendment had a remedial purpose, which was to avoid the issue presented on appeal and in prior decisions of this Court, which automatically made the judgment final before the superior court had adequate time to rule on the appeal. See *Borders, Inc. v. Holland*, supra; *Travelers Ins. Co. v. McNabb*, 201 Ga. App. 297 (410 SE2d 788) (1991); *Miller v. Merck & Co.*, 199 Ga. App. 722 (405 SE2d 761) (1991); *Coronet Carpets v. Reynolds*, 199 Ga. App. 383 (405 SE2d 103) (1991); *Lanier v. Jim Brown Dev. Corp.*, 199 Ga. App. 255 (404 SE2d 626) (1991); *Synthetic Indus. v. Camp*, supra.

Although workers' compensation law is in derogation of common law, it is to be given a liberal construction, because its purposes are beneficent. *Brown v. Lumbermen's Mut. Cas. Co.*, 49 Ga. App. 99 (174 SE 359) (1934); see also *Schwartz v. Greenbaum*, 236 Ga. 476 (224 SE2d 38) (1976); *Ins. Co. of N. A. v. Cooley*, 118 Ga. App. 46 (162 SE2d 821) (1968); *Davis v. Bibb Mfg. Co.*, 75 Ga. App. 515 (43 SE2d 780) (1947). The act is highly remedial in nature so that it should receive liberal construction. *McElreath v. McElreath*, 155 Ga. App. 826 (273 SE2d 205) (1980); *Travelers Ins. Co. v. Gaither*, 148 Ga. App. 251 (251 SE2d 66) (1978); *London Guarantee &c. Co. v. Cox*, 41 Ga. App. 329 (153 SE 227) (1930). Ordinary rules of law do not apply to claims under this chapter of the code, because this chapter constitutes a complete code of law on the subject. *Tillman v. Moody*, 181 Ga. 530 (182 SE 906) (1935); see also *Fireman's Fund Ins. Co. v. Crowder*, 123 Ga. App. 469 (181 SE2d 530) (1971); *St. Paul Fire &c. Ins. Co. v. Miniweather*, 119 Ga. App. 617 (168 SE2d 341) (1969). The subject matter jurisdiction and the change in the determination of the time within which it exists are procedural and do not affect any substantive rights of either party; therefore, procedural and remedial changes in the workers' compensation act should receive retroactive application. *Truckstops of America v. Engram*, 220 Ga. App. 289, 291 (2) (469 SE2d 425) (1996); *Clinical Arts Home Care Svcs. v. Smith*, 218 Ga. App. 681, 683 (462 SE2d 757) (1995); *Venable v. John P. King Mfg. Co.*, 174 Ga. App. 800 (331 SE2d 638) (1985); *St. Paul Fire &c. Ins. Co. v. Norman*, 173 Ga. App. 198 (325 SE2d 810) (1984). "Generally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown. [Cit.] On the other hand, where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an express contrary intention. [Cits.]" *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988).

As a retroactive application of an amendment affecting procedure only, the order of September 5, 1996 was not void, the trial court should be affirmed.

DECIDED DECEMBER 2, 1997.

*Drew, Eckl & Farnham, John A. Ferguson, Jr., Nicole D. Tifverman*, for appellants.
*Edward E. Boshears*, for appellee.