# Court of Appeals
# of the State of Georgia

ATLANTA,___July 06, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15D0441.  JOHN BARTLETT v. TECHNOLOGY INSURANCE CO., A/K/A AMTRUST.

John Bartlett seeks discretionary review in this workers' compensation case.[1] Bartlett appealed the agency's decision to the superior court on October 15, 2014. Accordingly, the last day on which the superior court could have taken action was December 14, 2014.  See OCGA § 34-9-105 (d) (if the superior court does not hear the workers' compensation appeal within 60 days of the date of docketing in the superior court, the agency's decision shall be affirmed by operation of law).[2]  On April 8, 2015, Bartlett filed this application for discretionary review. We lack jurisdiction because the application is untimely.

An application for discretionary review must be filed within 30 days of the order to be appealed.  OCGA § 5-6-35 (d).  The filing deadline is jurisdictional, and this Court is unable to accept an untimely application. See *Crosson v. Conway*, 291 Ga. 220 (1) (728 SE2d 617) (2012).  Here, Bartlett filed his application 115 days after the last day the superior court could have acted on his appeal, which is the date that controls for purposes of filing a timely application for appeal. See OCGA § 34-9-105

---

[1] Bartlett filed his application in the Supreme Court, which transferred the matter here.

[2] On February 2, 2015, the superior court entered an order stating that the agency's decision had been affirmed by operation of law.  This order was a nullity, because the superior court lost jurisdiction on December 14, 2014. See *Synthetic Industries v. Camp*, 196 Ga. App. 637, 637 (396 SE2d 518) (1990).

(d); *Synthetic Industries*, supra.

In addition, although Bartlett requested an extension of time to file his application, we are unable to grant him such relief. While this Court is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed "on or before the due date of the discretionary application." Court of Appeals Rule 31 (g). Otherwise, we lack the authority to grant the request. See *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011); OCGA § 5-6-39 (d). Here, Bartlett sent a letter to the Court asking for an extension of filing, but the letter was not received until March 5, which was 81 days after the superior court's last day to act. Accordingly, the request was untimely, and we cannot excuse his noncompliance with the 30-day deadline. See *Gable*, supra; OCGA § 5-6-39 (d).

Bartlett's motion for an extension is hereby DENIED, and the application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  07/06/2015
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*