# Court of Appeals
# of the State of Georgia

ATLANTA,  March 27, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0347. AVERITT EXPRESS v. LARRY RAINEY.

Averitt Express, an employer/self-insurer, seeks discretionary review of the award of the appellate division of the State Board of Workers' Compensation ("the board") affirming the decision of the administrative law judge, which designated an authorized treating physician for employee Larry Rainey. Averitt Express appealed to the superior court, which allegedly conducted a hearing. But the superior court did not issue an order, and the award of the appellate division was thus affirmed by operation of law. See OCGA § 34-9-105 (b). Averitt Express then filed an application for discretionary appeal in this Court. Averitt Express, however, has provided insufficient information to invoke this Court's jurisdiction.

Under OCGA § 34-9-105 (b), a party may appeal to the superior court within twenty days from the date of the appellate division's award. In relevant part, OCGA § 34-9-105 (b) provides that, if that:

> court does not hear the case within 60 days of the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court. In the event a hearing is held later than 60 days after the date of docketing in the superior court because same has been continued to a date certain by order of the court, the decision of the board shall be considered affirmed by operation of law if no order of the court disposing of the issues on appeal has been entered within 20 days after

the date of the continued hearing. If a case is heard within 60 days from the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing.

The appellate division issued its award on August 14, 2017. Although Averitt Express apparently appealed to the superior court, it failed to include with the application any document indicating: (1) when such appeal was filed with the board; (2) when the appeal was docketed in superior court; or (3) when the hearing took place. Under these circumstances, we are unable to ascertain whether the appeal was timely pursuant to OCGA § 34-9-105 (b). We are also unable to determine the date the board's order was deemed final for purposes of calculating the due date for the discretionary application.

The time deadlines contained in OCGA § 34-9-105 (b) are jurisdictional. See *Synthetic Indus. v. Camp*, 196 Ga. App. 637, 638 (396 SE2d 518) (1990). To be valid, an application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Where, as here, we are unable to determine whether jurisdictional requirements have been met, we are unable to assume jurisdiction. Accordingly, this application for discretionary appeal is hereby DISMISSED. See, e. g., *Coronet Carpets v. Reynolds*, 199 Ga. App. 383 (405 SE2d 103) (1991); *Synthetic Indus. v. Camp*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  *03/27/2018*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*