# Court of Appeals
# of the State of Georgia

ATLANTA,  January 21, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0202. HAMILTON MEDICAL CENTER, INC. v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH, et al.

The Georgia Department of Community Health ("the Department") determined that Adventist Health System Georgia, Inc., d/b/a AdventHealth Gordon ("Advent") was exempt from obtaining a certificate of need for the provision of therapeutic cardiac catheterization services. Hamilton Medical Center ("Hamilton"), which challenged the determination, sought appellate review of the Department's final ruling in the superior court. The superior court denied the petition for judicial review, and Hamilton filed this application for discretionary appeal. For reasons that follow, we lack jurisdiction.

Pursuant to OCGA § 31-6-44.1, a party may seek judicial review of the Department's decision in accordance with the Georgia Administrative Procedure Act. Review is sought by filing a petition within 30 days after service of the final Department decision. See OCGA § 50-13-19 (b).

Pursuant to OCGA § 31-6-44.1 (b),

[i]n the event a party seeks judicial review, the department shall, within 30 days of the filing of the notice of appeal with the superior court, transmit certified copies of all documents and papers in its file together with a transcript of the testimony taken and its findings of fact and decision to the clerk of the superior court to which the case has been appealed. The case so appealed may then be brought by either party upon ten days' written notice to the other before the superior court for a hearing upon such record, subject to an assignment of the case for

hearing by the court; provided, however, if the court does not hear the case within 120 days of the date of docketing in the superior court, the decision of the department shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 120 days has been continued to a date certain by order of the court. In the event a hearing is held later than 90 days after the date of docketing in the superior court because same has been continued to a date certain by order of the court, the decision of the department shall be considered affirmed by operation of law if no order of the court disposing of the issues on appeal has been entered within 30 days after the date of the continued hearing. If a case is heard within 120 days from the date of docketing in the superior court, the decision of the department shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 30 days of the date of the hearing.

Here, the Department issued its final decision on February 8, 2021, and Hamilton filed a petition for judicial review on March 10, 2021. After docketing, the superior court initially scheduled the hearing for July 2, 2021, but the hearing was continued to October 26, 2021. The order denying the petition was entered on December 1, 2021, and Hamilton filed its application for discretionary appeal on December 31, 2021.

Where, as here, the trial court failed to enter the order within the statutorily-mandated time, the superior court lost jurisdiction by operation of law, and its order is a nullity. See *Kennestone Hosp., Inc. v. Cartersville Med. Ctr., Inc.*, 341 Ga. App. 28, 29-32 (1) (798 SE2d 381) (2017); *Borden, Inc. v. Holland*, 212 Ga. App. 820, 822 (1) (442 SE2d 916) (1994). As a nullity, the superior court's order cannot serve as the

basis for an appeal. See *Synthetic Indus. v. Camp*, 196 Ga. App. 637, 637 (396 SE2d 518) (1990).[1]

Accordingly, this application for discretionary appeal is hereby DISMISSED. See id. at 638.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta, __01/21/2022__*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*

---

[1] Hamilton could have filed an application within 30 days of the date the Department's decision was affirmed by operation of law, but failed to do so. See *Borden, Inc.*, 212 Ga. App. at ___ (Beasley, P. J., concurring specially).