# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2023

*The Court of Appeals hereby passes the following order:*

**A24D0120. ESEAN EDWARDS v. WAYNE STEWART TRUCKING COMPANY.**

Esean Edwards filed a workers' compensation claim, and an administrative law judge awarded him temporary disability benefits. The award was subsequently affirmed by the State Board of Workers' Compensation Appellate Division. Edwards appealed to the superior court, and his appeal was docketed on May 26, 2023. When no hearing was scheduled within 60 days, the superior court entered an order on September 19, 2023, affirming the decision of the Appellate Division by operation of law. Edwards thereafter filed this discretionary application. We lack jurisdiction.

An application for discretionary review must be filed within 30 days of the order to be appealed. OCGA § 5-6-35 (d). The filing deadline is jurisdictional, and this Court is unable to accept an untimely application. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012).

OCGA § 34-9-105 (b), which governs workers' compensation appeals to the superior court, provides, in relevant part, that "if the court does not hear the case within 60 days of the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law[.]" Here, because the appeal to the superior court was docketed on May 26, 2023, the decision was affirmed by operation of law on July 25, 2023. This is the date that controls for purposes of filing a timely discretionary application. See OCGA § 34-9-105 (d); *Synthetic Industries v. Camp*, 196 Ga. App. 637, 637-638 (396 SE2d 518) (1990). Because Edwards's application

was filed on October 18, 2023, 85 days after July 25, it is untimely.[1] Accordingly, this application is hereby DISMISSED. See *Synthetic Industries*, 196 Ga. App. at 638.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*   *11/13/2023*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
                                  *, Clerk.*

---

[1] Although Edwards's application was filed within 30 days of the superior court's September 19 order, that order was a mere nullity because the superior court had lost jurisdiction. See *MacKenzie v. Sav-A- Lot Food Store*, 226 Ga. App. 32, 34 (1) (485 SE2d 559) (1997); *Synthetic Industries*, 196 Ga. App. at 638.