A97A0975. MacKENZIE v. SAV-A-LOT FOOD STORE.
(485 SE2d 559)

ELDRIDGE, Judge.

The Superior Court of Putnam County reversed the findings of the full State Board of Workers' Compensation upholding the decision of an administrative law judge ("ALJ") which awarded attorney fees to appellant Tammy MacKenzie and levied civil penalties against appellee Sav-A-Lot Food Store ("Sav-A-Lot"); the superior court affirmed the award of workers' compensation benefits to appellant. We granted appellant's application for discretionary review, and outline for dispositive purposes the procedural posture in which this case comes to us.

Pursuant to OCGA § 34-9-105, on June 20, 1996, Sav-A-Lot filed in the superior court a notice appealing the State Board's affirmance of the ALJ's award. A hearing was held on July 29, 1996, within the 60 days provided by statute. OCGA § 34-9-105 (b). At the conclusion of the hearing, the court indicated that its ruling would attempt to affirm in part and reverse in part the Board's decision, because "both your clients need some relief." Thirty-six days later, the court filed an order which reflected its limited oral ruling from the bench. The judgment line of the order read "SO ORDERED on the 29th day of July, 1996. EXECUTED this 3rd day of September, 1996." The clerk of court's stamp shows that the order was filed on September 3, 1996. *Held*:

1. The Workers' Compensation Act, OCGA § 34-9-1 et seq., is a legislative creation. See *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (320 SE2d 368) (1984). In complete derogation of common law, the provisions of the act must be strictly construed as the act derives its own authority and power, as well as the authority and power it confers upon others, solely from the provisions the legislature has crafted. See *Bright v. Nimmo*, 253 Ga. 378 (320 SE2d 365) (1984). Thus, reflective of the constitutionally mandated separation of powers, beyond the Act's specific legislative provisions, it has no independent judicial existence so as to impart jurisdiction, cause of action, or remedy upon any entity. See id. at 379, 381.

Under the act pursuant to OCGA § 34-9-105 (b), the legislature conferred a limited jurisdiction on the superior courts to review the decisions of the State Board and provides, in part, "the decision of the board shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing." See also *Dept. of Indus. Relations v. Travelers Ins. Co.*, 177 Ga. 669 (170 SE 883) (1933). The public policy rationale underlying this particular provision is clearly grounded in the constitutional directive to afford to the people court rules "which shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions." 1983 Ga. Const., Art. VI, Sec. IX, Par. I. To this end, a superior court's order disposing of the issues must be *entered* within 20 days of the hearing, entry being, under our law, the filing with the clerk of a signed order or judgment. OCGA § 9-11-58. What a judge orally declares is no judgment until it has been put in writing and entered as such. *Dunagan v. Sims*, 119 Ga. App. 765 (168 SE2d 914) (1969). The failure to timely enter an order under OCGA § 34-9-105 (b) results in the superior court's loss of subject matter jurisdiction under the act and the subsequent affirmation of the State Board's award by operation of law. See *Buschel v. Kysor/Warren*, 213 Ga. App. 91, 93 (444 SE2d 105) (1994).

Applying these principles to the case sub judice, the trial court's

failure to enter its order until 36 days after the hearing is not remedied by a judgment line that reflects the limited oral declaration of judgment made at the hearing. The order, filed untimely, is a nullity as the superior court had lost jurisdiction to enter such order when the specified time limit authorizing jurisdiction was exceeded. Accordingly, the decision of the State Board was affirmed by operation of law, and the order of the superior court must be reversed. *Buschel*, supra at 93.

2. Our resolution in Division 1 makes unnecessary the consideration of appellant's second enumeration of error.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 3, 1997.

 Before Judge Cline.

*Curtis W. Miller*, for appellant.
*Martin L. Fierman*, for appellee.