A97A1059. TAYLOR TIMBER COMPANY v. BAKER.
(485 SE2d 819)

Eldridge, Judge.

The case sub judice involves the assessment of attorney fees and expenses of litigation pursuant to OCGA § 9-15-14 (b) against appellant for a frivolous appeal in a workers' compensation case.

Appellee, the claimant, was employed by appellant as a truck driver. On October 19, 1994, appellee was involved in a motor vehicle accident in Yulee, Florida, when his log truck was struck by a dump truck. The appellant paid temporary total disability benefits to appellee until, by way of a WC-2 dated May 17, 1995, and filed with the State Board of Workers' Compensation ("the Board") on May 22, 1995, such benefits were suspended, effective May 27, 1995, based on a full-duty release to work from the authorized treating physician.

On hearing before the Board, the administrative law judge ("ALJ") found in favor of the appellee and also found that the appellant had violated OCGA § 34-9-221 (i), in that it had failed to provide the required ten days notice of suspension of temporary total disability benefits. The ALJ further found that the adjuster offered no evidence explaining why the WC-2 was filed with less than ten days notice and, based on these findings, assessed attorney fees against appellant. The ALJ further found grounds for assessing attorney fees based on the appellant's failure to timely controvert the medical expenses of Dr. Jones, as required by OCGA § 34-9-203 (c). Attorney fees were assessed against appellant in the total amount of 25 percent of the weekly benefits owed to the appellee.

On June 6, 1996, the appellate division of the Board affirmed the award of the ALJ. The appellant appealed this award to the Superior Court of Ware County on June 26, 1996. On July 30, 1996, appellee served appellant with his motion for attorney fees for frivolous appeal pursuant to OCGA § 9-15-14 (b). The hearing was held in superior court on August 7, 1996. On August 23, 1996, an order was executed affirming the award of the appellate division of the Board; however, such order was not filed with the clerk until August 30, 1996. Appellant filed an application for a discretionary appeal from this order, which was denied by this Court on October 8, 1996. By separate order dated September 7, 1996, but not filed until October

10, 1996, appellee's motion for attorney fees was granted, which provided for attorney fees of an additional 25 percent of any amount paid to claimant.[1] It is from this order granting OCGA § 9-15-14 (b) attorney fees and expenses of litigation that appellant appeals.

1. In its first enumeration of error, appellant alleges that the trial court erred in assessing attorney fees pursuant to OCGA § 9-15-14, since the court no longer had jurisdiction to enter a binding award after failing to act within the time prescribed by OCGA § 34-9-105 (b). We agree.

The Workers' Compensation Act, OCGA § 34-9-1 et seq., is a legislative act and is in complete derogation of common law. Therefore, the provisions of such act must be strictly construed. The Workers' Compensation Act created an executive branch exercise of police powers for the health, safety, and welfare of the citizens of this state which did not exist at common law and which gives no independent rights of action outside the statutory provisions.[2] Such executive branch function is outside the subject matter jurisdiction of the superior court to review absent statutory authority, because as an executive branch function the superior court lacks subject matter jurisdiction as a matter of separation of powers.[3] OCGA § 34-9-105 (b) confers appellate subject matter jurisdiction in workers' compensation cases to the superior courts of this state to review decisions of the appellate division of the Board. In conferring appellate jurisdiction, such Code section limits the time in which any superior court of this state may retain subject matter jurisdiction by providing that "if the [superior] court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court. In the event a hearing is held later than 60 days after the date the notice of appeal is filed with the board because same has been continued to a date certain by order of the court, the decision of the board shall be considered

---

[1] Both parties to this appeal believe the trial judge actually signed this order October 7, 1996, rather than September 7, 1996, for the reason that such order was not forwarded to the trial court until September 15, 1996.

[2] See *Bright v. Nimmo*, 253 Ga. 378 (320 SE2d 365) (1984); *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (320 SE2d 368) (1984); see also *Turner v. U. S. Fidelity &c. Co.*, 125 Ga. App. 371 (187 SE2d 905) (1972).

[3] "The Georgia Constitution provides that the legislative, judicial, and executive powers shall forever remain separate and distinct[.] Ga. Const. [1983, Art. I, Sec. II, Par. III]. . . . An administrative agency is a governmental authority, other than a court and other than a legislative body, which affects the rights of private parties through either adjudication or rulemaking." (Citation, punctuation and emphasis omitted.) *Bentley v. Chastain*, 242 Ga. 348, 349-350 (249 SE2d 38) (1978). See *Continental Ins. Co. v. McDaniel*, 118 Ga. App. 344 (163 SE2d 923) (1968).

affirmed by operation of law if no order of the court disposing of the issues on appeal has been entered within 20 days after the date of the continued hearing. If a case is heard within 60 days from the date the notice of appeal is filed, the decision of the board shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing." OCGA § 34-9-105 (b).

When the superior court does not enter a judgment within the time limits set forth in OCGA § 34-9-105 (b), the decision of the Board is affirmed by operation of law, the superior court loses subject matter jurisdiction, and any orders entered thereafter by the superior court are a nullity. *Buschel v. Kysor/Warren*, 213 Ga. App. 91 (444 SE2d 105) (1994). The purpose of the time limitations of OCGA § 34-9-105 (b) is "to expedite the disposition of workers' compensation claims that have been appealed to the courts of this state." *Felton Pearson Co. v. Nelson*, 260 Ga. 513, 514-515 (397 SE2d 431) (1990).

A judge of the superior court is authorized to assess attorney fees and/or expenses under OCGA § 9-15-14 against a party for bringing a frivolous appeal in a workers' compensation case. *Contract Harvesters v. Clark*, 211 Ga. App. 297 (439 SE2d 30) (1993). Under the provisions of OCGA § 9-15-14, a party may bring a motion for attorney fees and expenses "at any time during the course of the action but not later than 45 days after the final disposition of the action." OCGA § 9-15-14 (e). Such section cannot confer subject matter jurisdiction beyond the legislative grant of the power of appeal to the superior court set forth by OCGA § 34-9-105 (b). OCGA §§ 9-15-14 and 34-9-105 (b) must be construed in pari materia, so that any award of attorney fees and expenses under OCGA § 9-15-14 must be completed within the time limitations of OCGA § 34-9-105 (b). Once the time limitations of OCGA § 34-9-105 (b) have run, the superior court is without subject matter jurisdiction, and any actions on the part of the superior court are a nullity. Therefore, any matter pertaining to the adjudication of a workers' compensation appeal before the superior court, including a motion for award of attorney fees and expenses of litigation pursuant to OCGA § 9-15-14, must be disposed of within 20 days of a hearing that was timely set pursuant to OCGA § 34-9-105 (b).

In the case sub judice, the appellant filed its notice of appeal on June 26, 1996. A hearing was set for and was held on August 7, 1996, but the superior court judge's order, although signed on August 23, 1996, was not filed until August 30, 1996, which was 23 days after the hearing. See OCGA § 9-11-58. Since no order disposing of the issues on appeal was entered within 20 days of the hearing, the decision of the Board was affirmed by operation of law, and the superior court lost subject matter jurisdiction at such time. As such, just like

its judgment entered on August 30, 1996, the superior court's award assessing attorney fees against appellant, which was entered on October 10, 1996, is a nullity and of no effect.

2. Due to this Court's holding in Division 1, we will not reach the remainder of appellant's enumerations of error.

*Judgment reversed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED APRIL 18, 1997.

Before Judge Holton.

*Tillman, McTier, Coleman, Talley & Newbern, George T. Talley, Gregory T. Talley*, for appellant.

*Phillip M. Eddings*, for appellee.