## A97A1721. PINE TIMBER TRUCKING COMPANY et al. v. TEAL.
### (496 SE2d 270)

RUFFIN, Judge.

Eugene C. Teal was injured on October 12, 1995, while working for Pine Timber Trucking Company ("Pine Timber"). Pine Timber paid Teal temporary total disability benefits through January 12, 1996. Teal subsequently filed a workers' compensation claim against Pine Timber and its workers' compensation insurer, Old Republic Insurance Company ("Old Republic"), seeking reinstatement of disability benefits from January 12, 1996, forward and payment of certain medical bills. The ALJ denied the claim and the Appellate Division of the Board of Workers' Compensation ("Appellate Division") affirmed the ALJ's decision. Teal appealed to the superior court, which held a hearing on December 18, 1996, and reversed the Appellate Division's decision in a January 9, 1997, order. Pine Timber and Old Republic applied for discretionary appeal to this Court, asserting that the superior court's judgment was a nullity because its judgment was not entered within 20 days of the superior court hearing and thus the Appellate Division's decision was affirmed by operation of law pursuant to OCGA § 34-9-105 (b). We granted the appellants' application, and for reasons which follow, reverse the judgment of the superior court.

1. The record shows that on October 12, 1995, Teal injured his arm, shoulder and neck while performing employment duties for Pine Timber. Pine Timber timely started payment of disability benefits. Teal was treated by several different physicians from Pine Timber's panel of approved physicians. After three of the treating physicians released Teal to return to work, Pine Timber suspended Teal's benefits as of January 12, 1996.

Thereafter, Teal began treatment with his unapproved family physician without authorization from Pine Timber. The family physician concluded Teal was still disabled. Teal's workers' compensation claim was for continuation of benefits past January 12, 1996, as well as for payment of the family physician's medical expenses.

The ALJ denied the claim, and the Appellate Division affirmed the decision on October 29, 1996. Teal appealed to the superior court on November 8, 1996. The superior court issued its order reversing the Appellate Division on January 9, 1997, the twenty-second day after the court's hearing on Teal's appeal.

Under OCGA § 34-9-105 (b), "the legislature conferred a limited jurisdiction on the superior courts to review the decisions of the State Board and provides, in part, 'the decision of the [Appellate Division] shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing.' [Cit.]" *MacKenzie v. Sav-A-Lot Food*

*Store*, 226 Ga. App. 32, 33 (1) (485 SE2d 559) (1997). Because the superior court's judgment in this case was rendered on the twenty-second day after the hearing, it was a nullity. See *Buschel v. Kysor/ Warren*, 213 Ga. App. 91, 93 (1) (444 SE2d 105) (1994). Accordingly, the decision of the Appellate Division was affirmed by operation of law on the twenty-first day after the hearing, and the superior court lost jurisdiction to enter any order. See *Mackenzie*, supra. It follows that the superior court's judgment must be reversed.

2. Our resolution in Division 1 makes unnecessary consideration of the appellants' other enumeration of error concerning the propriety of the superior court's order. Teal argues, however, that because we granted Pine Timber's discretionary appeal, we should decide whether the Appellate Division's award should be affirmed under the any evidence standard. While Teal is correct in stating that an award of the Appellate Division affirmed by operation of law is appealable on the merits, Pine Timber's appeal was not from the decision of the Appellate Division but from the untimely order of the superior court. See *Lanier v. Jim Brown Dev. Corp.*, 199 Ga. App. 255 (404 SE2d 626) (1991), and *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810 (466 SE2d 682) (1996). In order to dispose of this appeal, we merely needed to ascertain whether the superior court's order was erroneous. In Division 1, we concluded that the order was not only erroneous, but a nullity. A review of the Appellate Division's award, which was affirmed by operation of law, was not necessary in disposing of Pine Timber's appeal.

We note that Teal could have applied for a discretionary appeal from the statutory affirmation of the Appellate Division's decision. Teal was cognizant of OCGA § 34-9-105 (b) and concedes that the language of the statute is clear. Teal was not required to wait until Pine Timber contested the superior court's untimely order before appealing the affirmance by operation of law. Were we to grant an appeal of the statutory affirmance, we would then have been required to address the merits of the Appellate Division's decision. However, Teal did not seek such an appeal, and thus nothing remains for our consideration.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 7, 1998 —
RECONSIDERATION DENIED JANUARY 28, 1998.

*Clyatt, Clyatt, Wallace & DeVaughn, Russell C. Wallace*, for appellants.

*Dozier, Lee, Graham & Sikes, Stephen M. Welsh*, for appellee.