A99A1623. BRASSFIELD & GORRIE et al. v. OGLETREE.
(526 SE2d 103)

McMURRAY, Presiding Judge.

Brassfield & Gorrie ("the employer") appeals a superior court order awarding Robert Ogletree attorney fees under OCGA § 9-15-14 (b) in this workers' compensation case. We are compelled to reverse this judgment because the superior court did not enter the attorney fees award within OCGA § 34-9-105 (b)'s jurisdictional time limit. *Taylor Timber Co. v. Baker*, 226 Ga. App. 211 (485 SE2d 819).

Ogletree is a brick mason. He suffered a compensable back injury while working for the employer. Although Ogletree's treating physician recommended surgery, the employer refused to pay because its own physician opined that surgery was unnecessary. An administrative law judge with the State Board of Workers' Compensation ("the Board") did not agree and ordered the employer to pay for Ogletree's surgery. After the Board's appellate division affirmed this award, the employer appealed to the superior court after which a hearing for oral argument was scheduled for September 30, 1998. The superior court later entered an order rescheduling this hearing for October 2, 1998.[1] On November 3, 1998, the superior court entered an order affirming the Board's appellate division's award but postponed ruling on Ogletree's motion for frivolous appeal damages under OCGA § 9-15-14 (b). On January 26, 1999, the superior court entered an order awarding Ogletree $2,100 in attorney fees. This discretionary appeal followed. *Held*:

OCGA § 34-9-105 (b) requires that a superior court order dispos-

---

[1] Although the employer states in its brief that a hearing was conducted after this date, this statement is not supported by citation to the record.

ing of any issue in a workers' compensation case be entered within 20 days of the hearing on the appeal — otherwise the Board's award will be affirmed by operation of law. This narrow time window is to promote speedy resolution of workers' compensation cases and has been held to be jurisdictional. See *Felton Pearson Co. v. Nelson*, 260 Ga. 513, 514 (397 SE2d 431). For instance, this Court held in *Buschel v. Kysor/Warren*, 213 Ga. App. 91 (444 SE2d 105), that the superior court lost power to enter an enforceable order in a workers' compensation appeal after expiration of OCGA § 34-9-105 (b)'s 20-day time limit. Id. at 93 (1). A panel of this Court followed this decision in *Taylor Timber Co. v. Baker*, 226 Ga. App. 211, supra, holding that the superior court lost jurisdictional authority to award attorney fees under OCGA § 9-15-14 (b) in a workers' compensation appeal after expiration of OCGA § 34-9-105 (b)'s affirmance by the operation of law time limit. Id. at 212 (1). The same circumstances appear in the case sub judice.

Although it is not clear whether a hearing on the employer's appeal was conducted according to the superior court's ordered hearing date on October 2, 1998, it appears undisputed that the superior court's order awarding Ogletree attorney fees under OCGA § 9-15-14 (b) was entered more than 20 days after a hearing was conducted on the employer's appeal. This order was therefore a nullity and must be reversed. *Buschel v. Kysor/Warren*, 213 Ga. App. at 93 (1), supra; *Taylor Timber Co. v. Baker*, 226 Ga. App. at 214 (1), supra.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 22, 1999.

*Shivers & Associates, Benjamin J. Johnson*, for appellants.
*Steven E. Marcus*, for appellee.

