## A08A1776. HOLDER v. CITY OF ATLANTA.

(669 SE2d 504)

BLACKBURN, Presiding Judge.

We granted this discretionary appeal to review an order of the superior court denying Richard Holder's demand for judgment on an agreement, approved by the State Board of Workers' Compensation, that settled Holder's workers' compensation dispute with his employer, the City of Atlanta. Because the superior court's order relied on an earlier void order, we are constrained to reverse.

The issue before us turns on a question of legal error. "[E]rroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review." *Trent Tube v. Hurston*.[1] The undisputed record shows that on January 25, 2007, the Board approved an agreement settling certain workers' compensation claims based on injuries Holder sustained while employed by the City. The City subsequently challenged the approval of the agreement in the superior court, apparently arguing that a nearly identical agreement had already been approved two days prior. (This Court's appellate record does not contain the alleged prior agreement.) On June 25, 2007, the superior court entered an order remanding the case to the Board to resolve the factual dispute over which agreement governed. According to that order, the superior court had held a hearing on May 25, 2007, but it did not enter its order until June 25, 2007, purporting to issue the order nunc pro tunc June 13, 2007.

In July 2007, the City sought discretionary review of the June 25 order, which this Court granted, but the appeal was later dismissed after the City failed to file an appellate brief. On December 21, 2007, Holder filed in the superior court a "Corrected Demand for Judgment," seeking to enforce the January 25, 2007 settlement agreement. The superior court denied Holder's demand, citing its earlier order remanding the case to the Board. It is that denial which Holder now appeals.

Holder contends that the superior court in its June 25 order had lacked jurisdiction to remand the case back to the Board, because the court failed to follow the statutory time frame for appeals in workers' compensation cases, as set forth in OCGA § 34-9-105 (b). That Code section provides generally that if a superior court does not hear (or continue a hearing on) an appeal from a decision by the Board within 60 days from the date of docketing, the Board's decision "shall be considered affirmed by operation of law." The hearing at issue here was within that 60-day deadline. However, OCGA § 34-9-105 (b) also provides that if, as here, "a case is heard within 60 days from the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing."

Here, based on the face of the order relied upon by the trial court, the trial court held a hearing on May 25, 2007, but did not enter a dispositive order until June 25, 2007, i.e., 31 days after the hearing and not in compliance with the 20-day deadline in

[1] *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

OCGA § 34-9-105 (b). The narrow 20-day "time window is to promote speedy resolution of workers' compensation cases and has been held to be jurisdictional." *Brassfield & Gorrie v. Ogletree*.[2] See *Buschel v. Kysor/Warren*.[3] The "right to judicial review is restricted to the method prescribed by the Workers' Compensation Act," *Cartwright v. Midtown Hosp*.[4] and "the legislature conferred a limited jurisdiction on the superior courts to review the decisions of the . . . Board." (Punctuation omitted.) *Pine Timber Trucking Co. v. Teal*.[5]

Accordingly, the decision of the Board approving the settlement agreement "was affirmed by operation of law on the twenty-first day after the hearing, and the superior court lost jurisdiction to enter any order." *Pine Timber Trucking Co.*, supra, 230 Ga. App. at 363 (1). Therefore, the superior court lacked authority to circumvent the prescribed method by purporting to render an untimely order timely by entering it nunc pro tunc. In light of the jurisdictional limitations provided by the statute, the untimely order was a nullity. See id. We must therefore reverse the superior court's January 16, 2008 order that was based on the prior null order.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 14, 2008.

Richard L. Holder, *pro se*.
*Swift, Currie, McGhee & Hiers, Todd A. Brooks*, for appellee.

---

[2] *Brassfield & Gorrie v. Ogletree*, 241 Ga. App. 56, 57 (526 SE2d 103) (1999).

[3] *Buschel v. Kysor/Warren*, 213 Ga. App. 91, 93 (1) (444 SE2d 105) (1994).

[4] *Cartwright v. Midtown Hosp.*, 243 Ga. App. 828, 829 (534 SE2d 504) (2000).

[5] *Pine Timber Trucking Co. v. Teal*, 230 Ga. App. 362 (1) (496 SE2d 270) (1998).