# Court of Appeals
# of the State of Georgia

ATLANTA,    April 03, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0270. CLARENCE SUMLIN v. CITY OF ATLANTA et al.**

Clarence Sumlin seeks to appeal an adverse workers' compensation decision. The record shows that after the Appellate Division of the State Board of Workers' Compensation (the "Board") denied his request for benefits, Sumlin filed a timely notice of appeal to the superior court. On May 25, 2012, the Board transmitted its record to the superior court, and the action was docketed in the superior court on June 1, 2012. On August 14, 2012, the respondents filed a motion to dismiss, arguing that the superior court had lost jurisdiction. The trial court entered an order on February 4, 2013, agreeing that the Board's decision had been affirmed as a matter of law and also noting that the decision would have been subject to affirmance on the merits based on the doctrine of res judicata. Sumlin filed an application for discretionary appeal from the February 4, 2013 order. The respondents, however, argue that Sumlin's appeal to the superior court was previously affirmed by operation of law, rendering the superior court's order a nullity and Sumlin's application for discretionary appeal untimely. We agree.

OCGA § 34-9-105 (b) provides, in relevant part, that "if the court does not hear the case within 60 days of the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law. . . ." Here, because the petition for review was docketed on June 1, 2012, the decision was affirmed by operation of law on July 31, 2012. This is the date that controls for purposes of filing a timely application for appeal. See OCGA § 34-9-105 (d); *Synthetic Industries v. Camp*, 196 Ga. App. 637, 637-638 (396 SE2d 518) (1990). The superior court's subsequent award was a mere nullity. See *MacKenzie v. Sav-A-Lot Food Store*, 226

Ga. App. 32, 34 (1) (485 SE2d 559) (1997).

In order for this Court to have jurisdiction, we must have a timely filed application for discretionary appeal. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). An application is timely if it is filed within 30 days of the entry of the order the applicant seeks to appeal. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Thus, Sumlin had to file his application within 30 days of July 31, 2012, the date that the Board's decision was affirmed by operation of law. His application - filed on March 6, 2013 – is untimely. Accordingly, his application for discretionary appeal is hereby DISMISSED for lack of jurisdiction. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/03/2013
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*