# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2015

*The Court of Appeals hereby passes the following order:*

**A15D0209. FLEXSTAFF SERVICES et al. v. KAREN JOHNSON.**

Flexstaff Services and its workers' compensation insurer seek to appeal an adverse workers' compensation decision. The record shows that after the Appellate Division of the State Board of Workers' Compensation (the "Board") affirmed the award of benefits to Karen Johnson, Flexstaff Services filed a timely notice of appeal to the superior court. According to the trial court's order, the Board transmitted its record to the superior court on May 22, 2014, and the action was docketed in the superior court on May 27, 2014. In September 2014, Flexstaff Services filed a motion for scheduling order for appeal. Johnson filed a response, arguing that the superior court had lost jurisdiction. The trial court entered an order on December 3, 2014, agreeing that the Board's decision had been affirmed as a matter of law. On December 23, 2014, Flexstaff Services filed an application for discretionary appeal from the December 3, 2014 order. Johnson, however, argues that Flexstaff Services' appeal to the superior court was previously affirmed by operation of law, rendering the superior court's order a nullity and Flexstaff Services' application for discretionary appeal untimely. We agree.

OCGA § 34-9-105 (b) provides, in relevant part, that "if the court does not hear the case within 60 days of the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law. . . ." It is the appellant's burden to ensure that either a hearing is scheduled within the 60 day period or an order is entered on a decision within that period. See *Coronet Carpets v. Reynolds*, 199 Ga. App. 383, 384 (405 SE2d 103) (1991). Here, because the appeal was docketed on May 27, 2014, and the 60th day therefore fell on a weekend, the decision was affirmed by operation of law on Monday, July 28, 2014. This is the date that controls for purposes

of filing a timely application for appeal.[1] See OCGA § 34-9-105 (d); *Synthetic Industries v. Camp*, 196 Ga. App. 637, 637-638 (396 SE2d 518) (1990). The superior court's subsequent award was a mere nullity. See *MacKenzie v. Sav-A-Lot Food Store*, 226 Ga. App. 32, 34 (1) (485 SE2d 559) (1997).

In order for this Court to have jurisdiction, we must have a timely filed application for discretionary appeal. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). An application is timely if it is filed within 30 days of the entry of the order the applicant seeks to appeal. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Thus, Flexstaff Services had to file its application within 30 days of July 28, 2014, the date that the Board's decision was affirmed by operation of law. Its application – filed on December 23, 2014 – is untimely. Accordingly, this application for discretionary appeal is hereby DISMISSED for lack of jurisdiction. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____01/16/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*

---

[1] In its application, Flexstaff Services challenges the date of docketing, arguing that it never received notice that the case was docketed and that a case is not docketed until costs are paid. These arguments are not persuasive. First, Flexstaff Services has not pointed to any rule requiring the superior court to give notice of docketing. According to the superior court, the parties received written notice of the transmittal of the record from the Board to the superior court on May 22, 2014, and it was incumbent upon the appellant to exercise due diligence in determining the docketing date once it received this notice. Likewise, Flexstaff Services has not pointed to any rule requiring superior court costs to be paid before an appeal is docketed. OCGA § 5-3-22, cited by Flexstaff Services, mandates that costs must be paid before an appeal may be heard, but that statute refers to costs "which have accrued in the court, agency, or tribunal below." Moreover, even if Flexstaff Services is correct that an appeal is docketed when superior court costs are paid, Exhibit D shows that Flexstaff Services paid costs on July 31, 2014, and the 60 day period would have expired long before the superior court issued its December 3, 2014 order.