# Court of Appeals
# of the State of Georgia

ATLANTA,    May 10, 2016

*The Court of Appeals hereby passes the following order:*

**A16D0343.  XTREME MOVING & STORAGE C/O FOUR POINT HR et al. v. WALTER J. LOWE.**

Xtreme Moving & Storage C/O Four Point HR seeks to appeal an adverse workers' compensation decision. Claimant Walter Lowe has filed a motion to dismiss this application for lack of jurisdiction.

The Appellate Division of the State Board of Workers' Compensation (the "Board") awarded benefits to Lowe, and Xtreme Moving appealed to the superior court. A hearing was held on February 25, 2016. The Superior Court, in an order entered March 21, 2016, affirmed the decision of the Appellate Division. Xtreme Moving filed its application for discretionary appeal from the March 21 order on April 20, 2016. In his motion, Lowe argues that Xtreme Moving's appeal to the superior court was previously affirmed by operation of law on March 16, rendering the superior court's March 21 order a nullity and Xtreme Moving's application for discretionary appeal untimely. We agree.

OCGA § 34-9-105 (b) provides, in relevant part, that "the decision of the [B]oard shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing." Here, because the hearing was held on February 25, 2016, the decision was affirmed by operation of law on March 16, 2016. This is the date that controls for purposes of filing a timely application for appeal. See OCGA § 34-9-105 (d); *MacKenzie v. Sav-A-Lot Food Store*, 226 Ga. App. 32, 33 (485 SE2d 559) (1997). The superior court's subsequent order was a mere nullity. See id.

To be valid, an application for discretionary appeal must be filed within 30

days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Thus, Xtreme Moving had to file its application within 30 days of March 16, 2016, the date that the Board's decision was affirmed by operation of law. Its application, filed five days late on April 20, 2016, is untimely. Accordingly, Xtreme Moving's application for discretionary appeal is hereby DISMISSED for lack of jurisdiction. See OCGA § 5-6-35 (d); *Hill v. State*, supra.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____05/10/2016_____
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*