# Court of Appeals
# of the State of Georgia

ATLANTA, April 13, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0360. CARLOS BOJORQUEZ v. MFG CHEMICAL, INC. et al.**

Carlos Bojorquez seeks to appeal an adverse workers' compensation decision. The record shows that the Appellate Division of the State Board of Workers' Compensation (the "Board") denied Bojorquez's request for benefits on October 5, 2016. Bojorquez filed an appeal to the superior court, but we cannot determine from the application materials the date that the notice of appeal was filed. Nonetheless, on February 21, 2017, the superior court entered an order affirming the Board's decision by operation of law after finding that neither party had requested a hearing within the time required by OCGA § 34-9-105 (b). Bojorquez filed this application on March 21, 2017. We lack jurisdiction.

OCGA § 34-9-105 (b) requires the filing of a notice of appeal to the superior court within 20 days of the Board's decision. In this case, Bojorquez would have been required to file his notice of appeal by October 25, 2016. OCGA § 34-9-105 (b) provides, in relevant part, that "if the court does not hear the case within 60 days of the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law . . . ." Here, because the appeal to the superior court should have been filed by October 25, 2016, the decision was affirmed by operation of law on Saturday, December 24, 2016. This is the date that controls for purposes of filing a timely discretionary application. See OCGA § 34-9-105 (d); *Synthetic Industries v. Camp*, 196 Ga. App. 637, 637-638 (396 SE2d 518) (1990). The superior court's subsequent order was a mere nullity. See *MacKenzie v. Sav-A- Lot Food Store*, 226 Ga. App. 32, 34 (1) (485 SE2d 559) (1997).

In order for this Court to have jurisdiction, we must have a timely filed

application for discretionary appeal. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). An application is timely if it is filed within 30 days of the entry of the order the applicant seeks to appeal. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Here, Bojorquez had until Monday, January 23, 2017 – 30 days from December 24, 2016 – to file his application for discretionary appeal. Accordingly, his application, which was filed on March 21, 2017, is untimely and is hereby DISMISSED for lack of jurisdiction. See OCGA § 5-6-35 (d); *Hill*, 204 Ga. App. at 582.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/13/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*