# Court of Appeals
# of the State of Georgia

ATLANTA, __January 10, 2022__

*The Court of Appeals hereby passes the following order:*

## A22D0191. PATRICK BARNES v. RICHMOND COUNTY CONSTRUCTORS.

Patrick Barnes seeks to appeal an adverse workers' compensation decision made in favor of Richmond County Constructors (the "Employer") and American Zurich Insurance Company (the "Insurer"). The record shows that after the Appellate Division of the State Board of Workers' Compensation (the "Board") affirmed the administrative law judge's decision, Barnes appealed to the superior court. On October 21, 2021, the superior court held a hearing and it entered an order purporting to affirm the Board's award on November 18, 2021. On December 16, 2021, Barnes filed an application for discretionary appeal from the November 18, 2021 order. The Employer and Insurer, however, argue that Barnes's appeal to the superior court was previously affirmed by operation of law, rendering the superior court's order a nullity and Barnes's application for discretionary appeal untimely. We agree.

OCGA § 34-9-105 (b) provides, in relevant part, that "the decision of the board shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 20 days of the date of the hearing." Here, because a hearing was held on October 21, 2021, the Board's award was affirmed by operation of law on November 10, 2021, the 20th day from the date of the hearing. This is the date that controls for purposes of filing a timely application for appeal. See OCGA § 34-9-105 (d); *Coronet Carpets v. Reynolds*, 199 Ga. App. 383, 383 (405 SE2d 103) (1991). The superior court's subsequent award was a mere nullity. See *MacKenzie v. Sav-A- Lot Food Store*, 226 Ga. App. 32, 34 (1) (485 SE2d 559) (1997).

In order for this Court to have jurisdiction, we must have a timely filed

application for discretionary appeal. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). An application is timely if it is filed within 30 days of the entry of the order the applicant seeks to appeal. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Thus, Barnes had to file his application within 30 days of November 10, 2021, the date that the Board's decision was affirmed by operation of law. His application – filed on December 16, 2021 – is untimely. Accordingly, this application for discretionary appeal is hereby DISMISSED for lack of jurisdiction. See OCGA § 5-6-35 (d); *Hill*, 204 Ga. App. at 582.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   01/10/2022         *
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*