### A02A0052. PROFESSIONAL STANDARDS COMMISSION v. DENHAM.
(556 SE2d 920)

PHIPPS, Judge.

Mary Denham is a public school teacher. The Professional Standards Commission (PSC) is responsible for adoption and enforcement of performance standards and a code of ethics for educators in Georgia.[1] The PSC suspended Denham's teaching certificate for six months because she violated the code of ethics it adopted. On appeal by Denham under the Administrative Procedure Act (APA), the Superior Court of Turner County reversed the suspension and instead directed that Denham be reprimanded. We granted the PSC's application for discretionary appeal. Because we conclude that the superior court exceeded its authority under the APA, we reverse.

Denham had been a teacher for over 25 years. During the 1998-1999 school year, she was employed as a kindergarten teacher at Turner County Elementary School. After administering a standardized test known as the Iowa Test of Basic Skills (ITBS) to her students, Denham told a paraprofessional with whom she worked that she was going to do something she had never done before, that is: change some of the answers on a child's test from correct to incorrect. After the paraprofessional reported the matter to the elementary school principal, Denham admitted her actions to the principal. The school board issued a written reprimand to Denham and barred her from administering the ITBS.

The PSC referred the matter to the Office of State Administrative Hearings with a recommendation that Denham's teaching certif-

---

[2] Id.

[1] OCGA § 20-2-982 (5).

icate be suspended for six months. Following a hearing, a special assistant administrative law judge (ALJ) rendered an initial decision adopting the PSC's recommendation. The findings of the ALJ show that Denham changed the test answers, not out of any desire to harm the child, but rather because the test was designed to establish entitlement to entry into a program for gifted children and Denham thought the child had simply guessed all of the answers correctly and was not in fact gifted. The ALJ also recognized that Denham had an otherwise exemplary teaching record, that she enjoyed support in the community, that the local school superintendent felt that Denham's absence from the school for six months would be detrimental to the school system, and that such suspension would create a financial hardship for Denham. Nonetheless, the ALJ adopted the PSC's recommendation, after concluding that the PSC had carried its burden of showing that Denham had violated PSC ethical rules and that the PSC has the legal authority to suspend her teaching certificate for such rules violations. The ALJ's initial decision was adopted by and made the final decision of the PSC.

On appeal, the superior court concluded that the PSC had "acted in an arbitrary and capricious manner or used a clearly unwarranted exercise of discretion." The superior court's order was based primarily on findings that Denham had been a valued member of the educational community for over 25 years with an unblemished record before this infraction and that the PSC had failed to consider the impact of its decision on the school system and its students.

The superior court reversed the PSC's decision under the authority of the section of the APA codified at OCGA § 50-13-19 (h) (6). This provision authorizes a court to reverse or modify a decision of an administrative agency "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . [a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." If arbitrary and capricious action is alleged, the superior court must determine whether a rational basis exists for the decision.[2]

Contrary to findings by the superior court, the record in this case shows that the PSC did take into consideration Denham's otherwise spotless teaching record and the impact of her suspension on operation of the local school system. The PSC nonetheless determined that the state's interest in ensuring the integrity of standardized test results outweighed these other considerations, so that temporary suspension of Denham's teaching certificate was the appropriate sanction for her misconduct. Because the PSC's decision has a

---

[2] *Sawyer v. Reheis*, 213 Ga. App. 727, 729 (2) (445 SE2d 837) (1994).

rational basis, the superior court exceeded its authority in overturning it.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 5, 2001.

Thurbert E. Baker, Attorney General, Langley & Lee, William W. Calhoun, Christina L. Folsom, for appellant.
Benson & Phillips, Melinda B. Phillips, for appellee.