A04A1893. PROFESSIONAL STANDARDS COMMISSION v. VALENTINE.

(603 SE2d 792)

BLACKBURN, Presiding Judge.

Following the superior court's reversal of its decision to suspend the teaching license of Mitchell Valentine for a six-month period, the Professional Standards Commission (PSC) appeals, contending that the superior court failed both to give appropriate deference to PSC's findings of fact and to use the appropriate standard of review. For the reasons set forth below, we reverse.

The record shows that, on October 16, 2001, the PSC entered an order reprimanding Valentine for a DUI arrest and subjecting him to monitoring for a period of one year. During that year, Mitchell was involved in two verbal altercations on school grounds: one with a cafeteria manager on February 14, 2001, over food prices and one with a student on May 11, 2001, after avoiding a car crash with that student. The local school system reprimanded Valentine for both incidents and suspended him without pay for five days as a result of the second incident. The matter was subsequently referred to the PSC, and after a hearing, the PSC determined that, as a result of the altercations, Valentine violated Standard 10 of the Commission's Code of Ethics and suspended Valentine's teaching certificate for a period of one year.

PSC Rule 505-6-.01 (3) (j) provides:

> Standard 10: Professional Conduct — An educator should demonstrate conduct that follows generally recognized professional standards. Unethical conduct is any conduct that seriously impairs the certificate holder's ability to function professionally in his or her employment position or conduct that is detrimental to the health, welfare, discipline, or morals of students (inappropriate language, physical altercation, inappropriate discipline, etc.).

Following the PSC's initial decision, Valentine requested a review of the matter before an administrative law judge (ALJ). After a

full evidentiary hearing, the ALJ found that Valentine "did violate the PSC Rules and should be disciplined by a suspension of his Georgia Educator's Certificate upon the grounds that [he] committed a violation of PSC Rule 505-6-.01 (3) (j)."

In reaching this conclusion, the ALJ made explicit findings of fact regarding both of Valentine's verbal altercations. With regard to the first altercation, the ALJ found:

> On or about February 14, 2001, [Valentine] and the cafeteria manager got into a verbal disagreement about the changing prices of food items. [Valentine] went to complain to the principal about the situation. Upon reaching the principal's office, [Valentine] and the cafeteria manager were stopped by the assistant principal, and asked to enter into the office to discuss the matter. [Valentine] was upset and was loudly complaining about the behavior of the manager. The cafeteria manager was excused from the office. [Valentine] expressed his desire to leave several times. The assistant principal, however, refused to allow [Valentine] to leave. [Valentine] used profanity in frustration, in the presence of the assistant principal. No students were present. The local school system issued a letter of reprimand to [Valentine] dated March 5, 2001.

In addition to these facts, it is undisputed that, prior to going to the assistant principal's office, Valentine confronted the cafeteria manager in her office and began using profanity. Students passing through the cafeteria line stopped to listen to the argument. In addition, while in the assistant principal's office, Valentine threatened the assistant principal that if he did not move away from the door to allow Valentine to leave, he would physically move the assistant principal.

With regard to the second verbal altercation, the ALJ found:

> On May 11, 2001, [Valentine] was returning to the school after running an errand when a student nearly crashed into [his] car. The student was driving without permission during school hours, with several other student passengers. [Valentine], shaken and scared at having almost been hit, got out of his car and yelled at the student regarding his driving. He took the student's keys and told him to meet him at his teacher's office. [Valentine] told the student "if you had hit me, I would have whipped your ass." [Valentine] never made any aggressive motions or moves towards the student.

In addition to these facts, Valentine testified that, at the time of the altercations, he was having emotional anger problems resulting in outbursts. He then sought out both medication and counseling to prevent the recurrence of these "quick temper outburst[s]." Valentine admitted that these outbursts created a serious problem.

After setting forth its findings of fact, the ALJ concluded:

> OSAH Rule 616-1-2.07 (1) provides that the referring agency shall bear the burden of persuasion and going forward with the evidence in this matter. Additionally, the standard of proof is a preponderance of the evidence. OSAH Rule 616-1-2-.21 (4). In this proceeding, the PSC has the burden of proving by a preponderance of the evidence that [Valentine] has violated its Code of Ethics. *Ga. Bd. of Dentistry v. Pence.*[1] The PSC has met this burden.

Based on certain mitigating factors, however, including family difficulties and Valentine's show of remorse, the ALJ then reduced Valentine's suspension to five days with credit for the five days he had previously served in connection with his earlier reprimand.

The ALJ's decision was subsequently sent to the PSC for review and a hearing prior to entering its final decision on Valentine's case. At this hearing, Valentine did not challenge and explicitly accepted the ALJ's finding that he had violated the PSC's Code of Ethics, and he argued that the PSC should uphold the ALJ's decision "as appropriate and just under the facts and circumstances of this case."

After arguments from the parties which, given Valentine's admission that he violated the Code of Ethics, were limited to punishment issues, the PSC decided to accept and adopt the ALJ's findings of fact. The PSC also accepted the ALJ's conclusions of law, except that it found that Valentine had not shown true remorse. Accepting other mitigating factors found by the ALJ, however, the PSC reduced its initial recommendation and suspended Valentine's teaching certificate for a period of six months rather than a year.

Valentine next appealed the PSC's final decision to the superior court pursuant to OCGA § 50-13-19. In Valentine's petition to the superior court for judicial review, once again, he did not challenge the finding by either the ALJ or the PSC that he violated the Code of Ethics. To the contrary, he admitted that his behavior had been unprofessional. His main argument was simply that the PSC had punished him too severely and that the ALJ's decision and punishment in his case should be affirmed.

---

[1] *Ga. Bd. of Dentistry v. Pence*, 223 Ga. App. 603, 609 (478 SE2d 437) (1996).

In his brief supporting his petition to the superior court, Valentine summarized his position as follows:

> [Valentine] requests that the Final Decision of a six-month suspension by the [PSC] be reversed for the following reasons: 1) the Final Decision is made upon unlawful procedure; 2) the agency's Final Decision violated the due process rights of [Valentine] in that a harsher sanction was instituted without legitimate affirmative findings; 3) the agency's decision is clearly erroneous in view of the reliable probative and substantial evidence on the whole record that supports the Initial Decision by the [ALJ]; and 4) the harsher sanction is arbitrary and capricious violating [Valentine's] rights.

In considering Valentine's petition, however, the superior court ruled that:

> the record contains no finding that [Valentine's conduct] seriously impaired Mr. Valentine's ability to function professionally or that the conduct was detrimental to the health, welfare, discipline, or morals of students. . . . The Commission must do more than simply find that an event occurred; it must find a consequence to the event that affects students and that the conduct was unethical.

(Punctuation omitted.) The PSC now appeals the superior court's ruling.

In deciding this matter, we must be mindful of our standard of review. With regard to the findings of an administrative agency,

> [t]he reviewing courts may reject those findings only if they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. OCGA § 50-13-19 (h) (5), (6); *Dept. of Community Health &c. v. Gwinnett Hosp. System*.[2] Our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency. (Citation and punctuation omitted.) *Sawyer v. Reheis*.[3] Moreover, the superior courts cannot substitute their judgment for that of the

---

[2] *Ga. Dept. of Community Health &c. v. Gwinnett Hosp. System*, 262 Ga. App. 879, 882-883 (586 SE2d 762) (2003).

[3] *Sawyer v. Reheis*, 213 Ga. App. 727, 729 (1) (445 SE2d 837) (1994).

hearing officer as to the weight of the evidence on questions of fact. *Emory Univ. v. Levitas.*[4]

(Punctuation omitted.) *Douglas Asphalt Co. v. Ga. Public Svc. Comm.*[5] In cases such as this, the decision of the administrative agency must be affirmed if there is any evidence of record to support it.

Viewed in this light, there is some evidence of record supporting the PSC's determination that Valentine violated Standard 10 of the Code of Ethics by acting in an unprofessional manner. As an initial matter, Valentine did not dispute the ALJ's finding that he violated Standard 10 prior to the PSC's final decision. To the contrary, he admitted that he had done so. In addition, the record supports a finding that Valentine acted unprofessionally. He had two heated altercations on school grounds in which he admittedly cursed and threatened physical violence. Valentine further admits that, at the time of his altercations, he was having emotional problems resulting in uncontrolled angry outbursts. These outbursts ultimately required both medication and counseling.

This evidence supports the finding by both the ALJ and the PSC that Valentine violated Standard 10, as such behavior forms a clear basis on which one could rationally conclude that Valentine's angry behavior seriously impaired his ability to function professionally as an educator. Therefore, as some evidence supports the PSC's conclusion that Valentine violated Standard 10, we must reverse the ruling of the superior court holding otherwise.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 27, 2004 — 

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Stefan E. Ritter, Kathryn L. Allen, Assistant Attorneys General,* for appellant.

*Kramer & Thomas, Michael E. Kramer, Shampa B. Bernstein,* for appellee.

---

[4] *Emory Univ. v. Levitas,* 260 Ga. 894, 898 (1) (401 SE2d 691) (1991).

[5] *Douglas Asphalt Co. v. Ga. Public Svc. Comm.,* 263 Ga. App. 711, 712 (2) (589 SE2d 292) (2003).