## A06A0989. WALKER et al. v. DEPARTMENT OF TRANSPORTATION.
### (630 SE2d 878)

BLACKBURN, Presiding Judge.

Jane Walker, Kima Poole, and Lamar Advertising Company ("plaintiffs") applied to the Georgia Department of Transportation ("DOT") for permits to erect outdoor advertising on property owned by Walker and Poole near Interstate 75 in Peach County. Following the DOT's denial of those applications and the affirmation of that denial by an administrative law judge ("ALJ") with the Office of State Administrative Hearings ("OSAH"), plaintiffs sought judicial review in the superior court, pursuant to the Administrative Procedure Act, arguing that DOT's denial of the applications was erroneous. The superior court ruled that the ALJ's decision was affirmed by operation of law, and this discretionary appeal followed. For the reasons set forth below, we affirm.

The record shows that since 1991, plaintiffs Walker and Poole have owned a 2,600 feet by 2,500 feet piece of property located at the end of a county frontage road that runs somewhat parallel to Interstate 75 in Peach County. In 2001, Walker and Poole successfully petitioned the Peach County Board of Commissioners to rezone a 2,600 feet by 201 feet portion of the property (abutting Interstate 75) from R-AG, Rural Agriculture, to C-2, Commercial, so that they could erect outdoor advertising on the rezoned portion in compliance with the Georgia Outdoor Advertising Act.[1] Toward that end, Walker and Poole entered into a lease agreement with Lamar Advertising to erect five billboards on the rezoned portion of the property. Plaintiffs subsequently submitted permit applications for the billboards to the DOT's Outdoor Advertising Division; however, the applications were denied on the ground that plaintiffs' property was improperly rezoned.

Following the denial of their permit applications, plaintiffs appealed and requested a hearing before the OSAH. No action was taken on this request for nearly two years; however, while the request was pending, plaintiffs submitted additional information to the DOT regarding specific aspects of the property and its rezoning. Despite the additional information, the DOT's Board affirmed the denial on

---

[1] OCGA § 32-6-72 provides in part:
No outdoor advertising shall be erected or maintained within 660 feet of the nearest edge of the right of way and visible from the main traveled way of the interstate or primary highways in this state, except the following: . . . (4) Signs located in areas zoned commercial or industrial, which signs provide information in the specific interest of the traveling public.

the ground that the rezoning of the plaintiffs' property from agricultural to commercial was improper in that the property had been strip zoned.[2] An administrative hearing was held, in which plaintiffs contended that the property had not been impermissibly strip zoned. Nevertheless, the ALJ issued a decision affirming the DOT's denial of the permit applications on the ground that plaintiffs' property had been improperly strip zoned.

On June 23, 2005, plaintiffs petitioned the local superior court for judicial review of the DOT's decision, and on August 29, 2005, both parties submitted a rule nisi for court approval, stipulating that a hearing be set for November 17, 2005. On November 18, 2005, one day after the hearing, the superior court ruled that because no hearing on the matter was held within 120 days from the time the petition for judicial review was filed, it no longer had jurisdiction over the case and the DOT's denial of the permit applications was affirmed by operation of law. See OCGA § 32-6-95 (c). Following that order, plaintiffs sought and were granted this discretionary appeal.

1. Plaintiffs contend that the superior court erred in ruling that the DOT's denial of the permit applications was affirmed by operation of law pursuant to OCGA § 32-6-95 (c), arguing that in light of the parties' stipulation to a later hearing date, the court could have exercised its discretion and maintained jurisdiction over the matter. We apply a de novo standard of review to purely legal questions such as whether a trial court has jurisdiction over a matter, see *Laughlin v. City of Atlanta*,[3] and in doing so here, find that the superior court did not err.

DOT decisions regarding outdoor advertising permits are subject to judicial review pursuant to the Georgia Administrative Procedure Act (see OCGA § 32-6-95 (a)); however, such review is not without its limitations. Indeed, OCGA § 32-6-95 (c) provides in part:

> Notwithstanding any other law to the contrary, when a petition for judicial review of a final decision of the commissioner or the commissioner's designee, hearing officer, or others in any matter arising under this title is filed pursuant to Chapter 13 of Title 50, the "Georgia Administrative Procedure Act," if the superior court in which the petition for

---

[2] OCGA § 32-6-71 (29) provides:
"Zoned commercial or industrial areas" means those areas which are zoned for industrial or commercial activities pursuant to state or local zoning laws or ordinances as part of a comprehensive zoning plan. Strip zoning shall not be considered as a bona fide comprehensive zoning plan. Comprehensive zoning plans for the purposes of outdoor advertising only shall be approved by the board when an application for a permit has been made.

[3] *Laughlin v. City of Atlanta*, 265 Ga. App. 61, 63 (592 SE2d 874) (2004).

review is filed does not hear the case within 120 days from the date the petition for review is filed with the court, the final agency decision shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within 120 days has been continued to a date certain by order of the court.

Here, plaintiffs petitioned the superior court for judicial review on June 23, 2005, but due to the parties' stipulation, no hearing was scheduled to be heard within 120 days of that date, nor was any hearing actually held on the matter until November 17, 2005. Consequently, the DOT's decision denying plaintiffs' outdoor advertising permit applications was affirmed by operation of law.

Contrary to plaintiffs' argument, it was not within the superior court's discretion to retain jurisdiction over this matter pursuant to the parties' stipulation to a hearing date beyond the 120-day time limit mandated by OCGA § 32-6-95 (c). "Subject-matter jurisdiction is established by our laws, and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." (Punctuation omitted.) *Dempsey v. Bd. of Regents &c. of Ga.*[4] While there is no case law specifically construing whether the "affirmed by operation of law" language contained in OCGA § 32-6-95 (c) divests the superior court of jurisdiction to review DOT decisions in the event a hearing is not held within 120 days, we have previously ruled that a nearly identically worded workers' compensation statute did, in fact, divest the superior court of jurisdiction to review an agency's decision.

In *Borden, Inc. v. Holland,*[5] a workers' compensation claimant appealed a decision of the full workers' compensation board to the superior court pursuant to OCGA § 34-9-105 (b), which provided in part that "if the court does not hear the case within 60 days from the date the notice of appeal is filed with the board, the decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court." Both parties agreed to waive oral argument and have the matter reviewed via submitted briefs, but it was undisputed that no hearing was scheduled, no continuance was granted, and no order was issued within 60 days from the date the notice that claimants would seek judicial review was filed with the board. *Holland,* supra, 212 Ga. App. at 822 (1). We held that since no ruling was issued and no hearing was scheduled in

---

[4] *Dempsey v. Bd. of Regents &c. of Ga.*, 256 Ga. App. 291, 292 (568 SE2d 154) (2002).
[5] *Borden, Inc. v. Holland*, 212 Ga. App. 820, 821 (1) (442 SE2d 916) (1994).

accordance with OCGA § 34-9-105 (b), the superior court lost jurisdiction over the case by operation of law, and any later order it issued was a nullity. Id. See also *Miller v. Merck & Co.;*[6] *Synthetic Indus. v. Camp.*[7]

In light of the facts that OCGA § 32-6-95 (c) is worded nearly identically to OCGA § 34-9-105 (b) and that both statutes concern superior court review of agency decisions, we find no reason to interpret the "affirmed by operation of law" provision in OCGA § 32-6-95 (c) differently from our interpretation of the similar provision in OCGA § 34-9-105 (b). Accordingly, because no hearing was scheduled in this matter within 120 days of the date plaintiffs filed for judicial review, nor did any ruling issue in that time, the superior court had no jurisdiction over this matter, and the DOT's denial of plaintiffs' permit applications was affirmed by operation of law.

This finding, however, does not end our inquiry, as according to OCGA § 32-6-95 (d), "[a] decision of the agency affirmed by operation of law under subsection (c) of this Code section shall be subject to appellate review in the same manner as a decision of the superior court." Thus, we now turn our attention to the DOT's denial of plaintiffs' outdoor advertising permit applications and the ALJ's ruling affirming that decision.

2. In their remaining enumerations of error, plaintiffs contend that the DOT's decision denying their outdoor advertising permit applications because their property was improperly strip zoned should be reversed pursuant to OCGA § 50-13-19 (h) (1)-(3) and (5)-(6), arguing that the DOT's finding that the property was strip zoned (i) violated existing statutory provisions; (ii) exceeded its authority; (iii) was made upon unlawful procedure; (iv) was not supported by evidence in the record; and (v) was arbitrary or capricious. In addition to observing the standards of review outlined in plaintiffs' contentions, a court reviewing an agency decision pursuant to OCGA § 50-13-19 (h) shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. *Infinite Energy v. Ga. Public Svc. Comm.*[8] See also *Emory Univ. v. Levitas.*[9] Indeed, pursuant to this Code section, courts review agency findings of fact to determine whether they are supported by any evidence. *Municipal Elec. Auth. of Ga. v. Ga. Public Svc. Comm.*[10] See also *Sawyer v.*

---

[6] *Miller v. Merck & Co.,* 199 Ga. App. 722, 723 (405 SE2d 761) (1991).

[7] *Synthetic Indus. v. Camp,* 196 Ga. App. 637 (396 SE2d 518) (1990).

[8] *Infinite Energy v. Ga. Public Svc. Comm.,* 257 Ga. App. 757, 758 (1) (572 SE2d 91) (2002).

[9] *Emory Univ. v. Levitas,* 260 Ga. 894, 898 (1) (401 SE2d 691) (1991).

[10] *Municipal Elec. Auth. of Ga. v. Ga. Public Svc. Comm.,* 241 Ga. App. 237, 238 (1) (525 SE2d 399) (1999).

*Reheis.*[11] However, in considering agency conclusions of law, courts conduct a de novo review. *Municipal Elec. Auth.*, supra, 241 Ga. App. at 239 (1).

(a) *Violation of Statutory Provisions.* Plaintiffs contend that the DOT's denial of their outdoor advertising permit applications on the ground that their property was strip zoned should be reversed because it violated existing statutory provisions.[12] Under OCGA § 32-6-72 (4), outdoor advertising is permitted on commercially or industrially zoned property. However, OCGA § 32-6-71 (29) provides that strip zoned property is not properly considered commercially or industrially zoned. While OCGA §§ 32-2-2 and 50-13-4 generally provide the DOT with the authority to manage and maintain the state's highways, under OCGA § 32-6-90, the DOT specifically "is authorized to promulgate rules and regulations governing the issuance and revocation of permits for the erection and maintenance of outdoor advertising which is authorized by Code Sections 32-6-72 and 32-6-73 and which is not prohibited by this part." Pursuant to that authority, the DOT promulgated Rule 672-6-.01 (q)[13] defining strip zoning as:

> [t]he process of designating a small parcel of land for a use classification totally different from and less restrictive than that of the surrounding area which proposed classification is made without any consideration overall of the neighborhood land use character thereby benefiting the owner of the land so zoned and failing to benefit the owners of similarly situated surrounding lands.

Plaintiffs specifically argue that the DOT's determination that the property was strip zoned did not comport with the DOT's own regulatory definition and that the DOT ignored the plain meaning of the regulation thereby violating a statutory provision. We disagree.

Under OCGA § 50-13-19 (h) (1), this Court may reverse an agency decision if it is in violation of a constitutional or statutory provision. See *Ga. Public Svc. Comm. v. Alltel Ga. Communications Corp.*[14] However, plaintiffs do not claim that the DOT's denial of the permit applications violates any constitutional or statutory provision

---

[11] *Sawyer v. Reheis*, 213 Ga. App. 727, 729 (1) (445 SE2d 837) (1994).

[12] OCGA § 50-13-19 (h) (1).

[13] Ga. Comp. R. & Regs. r. 672-6-.01 (q) (1988). The current definition of strip zoning, inapplicable in this matter, appears at Ga. Comp. R. & Regs. r. 672-6-.01 (u) (2005), with the only change being the replacement of the phrase "small parcel" with "narrow strip."

[14] *Ga. Public Svc. Comm. v. Alltel Ga. Communications Corp.*, 230 Ga. App. 563, 567 (497 SE2d 50) (1998).

but rather that the decision violates the DOT's Rule 672-6-.01 (q). Thus, plaintiffs' challenge of the DOT's decision pursuant specifically to OCGA § 50-13-19 (h) (1) is misplaced. Nevertheless, even if OCGA § 50-13-19 (h) (1) could be read to include reviewing agency decisions for violations of regulations, plaintiffs' contention is without merit.

In construing agency regulations, we employ the basic rules of statutory construction and look to the plain meaning of the regulation to determine its meaning. *Pfeiffer v. Dept. of Transp.*[15] See also *Schwartz v. Black.*[16] Moreover, we must defer to an agency's interpretation and enforcement of its own rules. *Dept. of Community Health v. Satilla Health Svcs.*[17]

Here, in the decision affirming the DOT's denial of plaintiffs' permit applications, the ALJ found evidence in the record supporting the fact that the DOT adhered to the plain meaning of Rule 672-6-.01 (q) in determining that plaintiffs' property was impermissibly strip zoned. DOT witness testimony during the administrative hearing, as well as proffered exhibits, demonstrated that the subject portion of plaintiffs' property was small (2,600 feet by approximately 201 feet) in comparison to its entirety (2,600 feet by 2,500 feet), and that it was rezoned from agricultural to commercial, a use different from and less restrictive than the surrounding property, which remained zoned agricultural. Additionally, DOT witness testimony and exhibits demonstrated that this rezoning was made without regard to the overall land use character of the neighborhood, in that there was no commercial activity in the immediate surrounding area, and thereby only benefitted plaintiffs.

Moreover, plaintiffs' argument that the DOT failed to adhere to Rule 672-6-.01 (q) by not specifically showing how plaintiffs benefitted from the strip zoning while owners of surrounding property did not benefit is without merit. Plaintiffs' suggested interpretation of the strip zoning definition ignores the plain meaning of the word "thereby" by attempting to transform it from adverb to conjunction. On the contrary, the rule contemplates that rezoning a small parcel of land to a different and less restrictive use out of character with the surrounding land results in benefitting only the owner of the rezoned parcel, as it did in this instance, as only plaintiffs, and not the owners of the surrounding agricultural property, stand to benefit from the outdoor advertising rental income.

---

[15] *Pfeiffer v. Dept. of Transp.*, 250 Ga. App. 643, 646-647 (2) (551 SE2d 58) (2001).

[16] *Schwartz v. Black*, 200 Ga. App. 735, 736 (409 SE2d 681) (1991).

[17] *Dept. of Community Health v. Satilla Health Svcs.*, 266 Ga. App. 880, 887 (1) (c) (598 SE2d 514) (2004).

Given this evidence, as well as the deference to be afforded to an agency's interpretation of its own rules, the ALJ did not err in finding that the DOT followed the plain meaning of Rule 672-6-.01 (q). See *Municipal Elec. Auth.*, supra, 241 Ga. App. at 238 (1); *Dept. of Community Health*, supra, 266 Ga. App. at 887 (1) (c). Accordingly, reversal pursuant to OCGA § 50-13-19 (h) (1) is not warranted.

(b) *In Excess of Statutory Authority.* Plaintiffs contend that the DOT exceeded its statutory authority in determining that plaintiffs' property was improperly strip zoned and that therefore the decision should be reversed.[18] This argument is without merit. As previously stated, OCGA §§ 32-6-72 (4) and 32-6-71 (29), respectively, govern the placement of outdoor advertising in commercially zoned areas and the prohibition against strip zoning to achieve a commercial designation. In addition, OCGA § 32-6-70, in no uncertain terms, delegates the regulation of outdoor advertising to the DOT. Indeed, the statute provides in part that "[i]t is the intention of the General Assembly to provide a statutory basis for the regulation of outdoor advertising, such basis to be consistent with the public policy relating to areas adjacent to roads of the state highway system."[19] OCGA § 32-6-90 further authorizes the DOT to promulgate regulations governing permits for outdoor advertising.

In claiming that the DOT exceeded its statutory authority in this matter, plaintiffs do not specifically contest the fact that the DOT has authority to regulate outdoor advertising, but rather reiterate their argument that the DOT's determination that plaintiffs' property was strip zoned did not adhere to that term's definition under Rule 672-6-.01 (q). This argument, therefore, does not provide the proper basis for reversing the DOT's decision pursuant to OCGA § 50-13-19 (h) (2). See *Sawyer*, supra, 213 Ga. App. at 730 (2). Accordingly, plaintiffs' contention is without merit.

(c) *Made Upon Unlawful Procedure.* Plaintiffs also contend that the DOT's determination that their property was strip zoned was based upon unlawful procedure and thus requires reversal.[20] Plaintiffs specifically argue that in determining that the property was strip zoned, the DOT impermissibly employed criteria that had not been approved via formal rule-making procedures, including whether the property had sufficient ingress-egress, access to utilities, and the owners' intent as to future use. We disagree.

OCGA § 50-13-4 of the Georgia Administrative Procedure Act describes in detail the procedures an agency must follow in order to

---

[18] OCGA § 50-13-19 (h) (2).
[19] OCGA § 32-6-70 (a).
[20] OCGA § 50-13-19 (h) (3).

adopt new rules and regulations. Failure to comply with these procedures will invalidate an amended rule. See *Outdoor Advertising Assn. of Ga. v. Dept. of Transp.*[21] However, "[s]tatements of policy or interpretations that are made in the decision of a contested case" are not considered to be formal rules and are not subject to formal rulemaking procedures.[22] See also *Ga. Oilmen's Assn. v. Dept. of Revenue;*[23] *United American Ins. Co. v. Ins. Dept. of Ga.;*[24] *Ga. State Bd. of Dental Examiners v. Daniels.*[25]

Here, while one DOT witness acknowledged that he considered factors such as ingress-egress, access to utilities, and the owners' intended use of the property in determining whether the property was improperly strip zoned, he also specifically stated that these considerations were not new rules but, rather, factors that assisted in his interpretation of the strip zoning definition under Rule 672-6-.01 (q). Given the facts that the DOT's consideration of these other factors was for interpretive purposes and that an agency's interpretation of its own rules is entitled to deference, the DOT's consideration of these other factors in interpreting Rule 672-6-.01 (q) and its consequent denial of plaintiffs' permit applications do not warrant reversal pursuant to OCGA § 50-13-19 (h) (3). See *Ga. Oilmen's Assn.*, supra, 261 Ga. App. at 400-401; *Dept. of Community Health*, supra, 266 Ga. App. at 887 (1) (c).

(d) *Clearly Erroneous.* Plaintiffs also contend that no credible evidence in the record supports the DOT's determination that the property was strip zoned and that therefore the decision should be reversed.[26] In light of our finding in Division 2 (a) that evidence existed supporting that the DOT adhered to Rule 672-6-.01 (q) in determining that the property was strip zoned, this contention is without merit. See *Municipal Elec. Auth.*, supra, 241 Ga. App. at 238 (1); *Dept. of Community Health*, supra, 266 Ga. App. at 887 (1) (c).

(e) *Arbitrary or Capricious.* Plaintiffs further contend that the DOT's denial of their permit applications should be reversed because the decision was arbitrary and capricious.[27] Plaintiffs argue that

[21] *Outdoor Advertising Assn. of Ga. v. Dept. of Transp.*, 186 Ga. App. 550, 555 (5) (367 SE2d 827) (1988).

[22] OCGA § 50-13-2 (6) (D).

[23] *Ga. Oilmen's Assn. v. Dept. of Revenue*, 261 Ga. App. 393, 400 (582 SE2d 549) (2003).

[24] *United American Ins. Co. v. Ins. Dept. of Ga.*, 258 Ga. App. 735, 741 (4) (574 SE2d 830) (2002).

[25] *Ga. State Bd. of Dental Examiners v. Daniels*, 137 Ga. App. 706 (224 SE2d 820) (1976).

[26] OCGA § 50-13-19 (h) (5).

[27] OCGA § 50-13-19 (h) (6).

permits were issued for outdoor advertising on other similar properties in close proximity to their property and thus no rational basis existed for the DOT's decision denying plaintiffs' permit applications. Again, we disagree.

OCGA § 50-13-19 (h) (6) authorizes a court to reverse or modify a decision of an administrative agency if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are arbitrary or capricious or characterized by abuse of discretion. *Professional Standards Comm. v. Denham.*[28] See also *Sawyer*, supra, 213 Ga. App. at 729 (2). If arbitrary and capricious action is alleged, the court must determine whether a rational basis exists for the decision. See id.

Here, during the hearing before the ALJ, plaintiffs offered evidence of other similar properties whose owners received outdoor advertising permits in order to demonstrate that the DOT's denial of plaintiffs' applications was arbitrary and capricious. However, plaintiffs provided only anecdotal evidence that the comparison properties were significantly similar and compared some properties that were not in immediate proximity to the subject property. Furthermore, several of the comparison properties' permit applications indicated that those properties had not been recently rezoned as was the case with plaintiffs' property. Given this evidence, and the fact that it had properly adhered to its own regulations regarding strip zoning, the DOT argued that its denial of plaintiffs' permit applications was warranted. The ALJ agreed with the DOT's assessment of the evidence and affirmed the denial. As previously stated, "in cases such as this, the decision of the administrative agency must be affirmed if there is any evidence of record to support it." *Professional Standards Comm. v. Valentine.*[29] See also *Municipal Elec. Auth.*, supra, 241 Ga. App. at 238 (1). Because evidence in the record demonstrates that the DOT's decision had a rational basis, that decision was neither arbitrary nor capricious. See *Denham*, supra, 252 Ga. App. at 786. Thus, the ALJ's and DOT's decisions denying plaintiffs' permit applications were proper. Accordingly, we affirm both the superior court's ruling that the ALJ's decision was affirmed by operation of law and the ALJ's decision upholding the DOT's denial of plaintiffs' permit applications.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

---

[28] *Professional Standards Comm. v. Denham*, 252 Ga. App. 785, 786 (556 SE2d 920) (2001).
[29] *Professional Standards Comm. v. Valentine*, 269 Ga. App. 309, 313 (603 SE2d 792) (2004).

DECIDED MAY 10, 2006.

*Webb & Porter, Edward A. Webb, Matthew C. Klase*, for appellants.

*Thurbert E. Baker, Attorney General, Ray O. Lerer, Senior Assistant Attorney General, Mary Jo Volkert, Assistant Attorney General*, for appellee.